18131

Beecher McDANIEL, as Administrator of the Estate of Carlotta McDaniel, Appellant, v. Thomas F. McDANIEL, Respondent

(133 S. E. (2d) 809)

*Messrs. Gasque, Seals & Gasque,* of Marion, *for Appellant,*

*Messrs. Allen L. Ray* and *Suggs & McCutcheon,* of Conway, *for Respondent,*

December 4, 1963.

Moss, Justice.

This action was instituted by Beecher McDaniel, as administrator of the estate of Carlotta McDaniel, the appellant herein, against Thomas F. McDaniel, the respondent herein, to recover damages for the alleged wrongful death of Carlotta McDaniel. The action is brought under the wrongful death statute of the State of Georgia. The appellant asserts that he has the right to bring this action pursuant to the procedure set forth in Section 10-1951, *et seq.,* 1952 Code of Laws of South Carolina, for the benefit of Timothy McDaniel, a minor son of appellant's intestate.

The respondent made a motion based upon the pleadings in this case and upon the laws and statutes of the State of Georgia to dismiss this action upon the ground that the appellant, as administrator of the estate of Carlotta McDaniel,

had no right or authority to institute or prosecute this action against the respondent for her wrongful death.

The matter came on to be heard before Honorable G. Badger Baker, Resident Judge of the Twelfth Circuit, upon a written stipulation submitting the aforesaid legal issue to him for determination. Thereafter, the trial Judge issued his order dismissing the action and holding that such could not be maintained by the appellant as administrator, and that an action under the wrongful death statute of the State of Georgia could only be brought in the Courts of South Carolina by the beneficiaries designated in such statute.

It appears from a stipulation entered into by the parties to this action that for sometime prior to August 14, 1959, Thomas F. McDaniel and Carlotta McDaniel were husband and wife and resided in Jacksonville, Florida. There was one child born of this marriage, Timothy McDaniel, a son, for whose benefit this action was brought. It appears that on August 14, 1959, Thomas F. McDaniel, Carlotta McDaniel and Timothy McDaniel were traveling by automobile from Jacksonville, Florida, to the State of South Carolina. The automobile in which they were traveling was owned and was being operated by Thomas F. McDaniel. It is agreed that while the automobile was being so operated that such was involved in an accident near the Town of Darien, Georgia. The said Carlotta McDaniel died intestate, in the State of Georgia, as a result of injuries received by her in said accident. She left surviving her husband, Thomas F. McDaniel, the respondent herein, and her minor son, Timothy McDaniel, who resides with the respondent.

It is further agreed that Beecher McDaniel was, on January 28, 1961, appointed administrator of the estate of Carlotta McDaniel, for the purpose of instituting an action in South Carolina for the alleged wrongful death and homicide of Carlotta McDaniel. There has been no administration on the estate of Carlotta McDaniel in either of the States of Florida or Georgia.

The wrongful death statute of the State of Georgia, Section 105-1306, Georgia Code of 1933, at the time of the death of appellant's intestate, was as follows:

"Homicide of wife or mother.—The husband and/or child or children may recover for the homicide of the wife or mother, and those surviving at the time the action is brought shall sue jointly and not separately, with the right to recover the full value of the life of the decedent, as shown by the evidence, and with the right of survivorship as to said suit, if either shall die pending the action. (Acts 1887, pp. 43, 45; 1939, p. 233.)"

Under Section 10-1952 of our Code of Laws, it is provided that where the death of a person is caused by the wrongful act, neglect or default of another that "[e]very such action shall be brought by or in the name of the executor or administrator of such person."

Since this action is brought under the wrongful death statute of the State of Georgia, above quoted, the substantive rights and liabilities of the parties are to be determined in accordance with the law of Georgia, the *lex loci*. Procedural matters are to be determined in accordance with the law of South Carolina, the *lex fori*. *Nix v. English,* 254 N. C. 414, 119 S. E. (2d) 220; *Bussey v. C. & W. C. Ry. Co.,* 73 S. C. 215, 53 S. E. 165; *Dennis v. Atlantic Coast Line Ry. Co.,* 70 S. C. 254, 49 S. E. 869; *Rauton v. Pullman Company,* 183 S. C. 495, 191 S. E. 416.

The issue or question here presented for determination is whether the foregoing section of the Georgia Code, providing that the husband and children of the deceased "shall sue jointly and not separately", and which constitutes the *lex loci* of the alleged wrongful death in question, controls, or whether under the provisions of Section 10-1952 of our Code of Laws, which constitutes the *lex fori,* and which vests the right of action in an administrator, he may sue. The trial Judge held that the present action cannot be maintained by the appellant pursuant to Section 10-1952 of our Code based

on her alleged wrongful death, but that such action could only be maintained under and pursuant to the above quoted Georgia Statute. In other words, he held that the provisions of the Georgia Statute are substantive and the action for the wrongful death of Carlotta McDaniel must be maintained by the beneficiaries named therein.

The appellant relies strongly upon the decision of this Court in *Bussey v. C. & W. C. Ry. Co.,* 73 S. C. 215, 53 S. E. 165, to sustain his position that who shall sue under the Georgia statute is a matter of procedure to be governed by the *lex fori* rather than a matter of substance to be governed by the *lex loci.* In the *Bussey case,* decided in 1906, it appears that a husband and father had been killed. The Georgia statute cited in such, provides that "A widow, or if no widow, a child or children, may recover for the homicide of the husband or parent." The action in question had been brought by the widow personally. The defendant demurred on the ground that the action should have been brought by the administrator of the deceased as plaintiff and not by his widow in her individual capacity. This Court affirmed an order of the lower Court sustaining a demurrer to the complaint, saying:

"The underlying question is whether the provision in the Georgia statute, relative to parties authorized to bring the action, pertains to the right or to the remedy. If it was intended to affect the right of recovery, then the action should conform to such requirement; while, on the other hand, if it should be regarded as remedial, the courts of this state will apply the mode of procedure prevailing in this state.

"Our construction of the Georgia statute is that its intention was to designate the beneficiaries, and not to prescribe the mode of procedure. If the statute of Georgia had provided as a consideration precedent to a recovery of damages that the action should be brought in the name of the widow, such provision would have formed part of the right instead of the remedy, and, when an action was brought in another state, it would have to be instituted in her name."

The aforesaid Georgia Statute, with which we are presently concerned, provides that in the case of the alleged wrongful death of a wife and mother, that the husband and children "shall sue jointly and not separately." Since the action for wrongful death under the Georgia Statute is required to be brought in the name of the husband and child, such provision forms a part of the right instead of the remedy and to maintain an action in this State it would have to be instituted in the name of the beneficiaries named in such statute. This is in conformity with what was said in the *Bussey case.*

In the case of *Anderson v. Lane,* E. D. S. C., 97 F. Supp. 265, it appears that one Virginia H. Anderson lost her life in an automobile accident in the State of Georgia. The Probate Court of Aiken County appointed her husband as administrator and, as such, he instituted an action in the Eastern District Court of South Carolina, to recover damages on account of the alleged wrongful death in Georgia of his said wife. The defendant contended that the administrator did not have the capacity or authority to bring and maintain the action because, under the Georgia Statute, any action based on her death in Georgia must be brought jointly and not separately by the husband and children and cannot be brought by an administrator. The motion to dismiss the complaint in the cited case was made before the Honorable George Bell Timmerman, a distinguished United States District Judge, now retired, and he held that since the Georgia Statute gives a right of action directly to the beneficiaries they must sue in their own right, notwithstanding that the statute of the forum provides for suit by the personal representative of the deceased. He further held that the designation of who shall sue, under the Georgia Statute, was a substantive right, and the action could not be maintained by the administrator. In support of his decision, he cited the cases of *Betts v. Southern Ry. Co.,* 4 Cir., 71 F. (2d) 787, and *Ormsby v. Chase,* 290 U. S. 387, 54 S. Ct. 211, 78 L. Ed. 378.

In the *Betts case* a resident of North Carolina had been killed in Virginia. The action to recover for wrongful death

was brought in a District Court of North Carolina. The Fourth Circuit Court of Appeals ruled that the question of who might maintain the action, that is to say, the party in whom that right is vested, is a substantive right. It was said:

"[A]ll matters pertaining to the substantive right of recovery under a wrongful death statute, including the right to recover, the nature of the right, and the party in whom it is vested, are governed by the law of the state where the injury resulting in death occurred. *Ormsby v. Chase*, 290 U. S. 387, 54 S. Ct. 211, 78 L. Ed. 378; 8 R. C. L. 737."

An examination of the *Ormsby case*, above referred to, reveals the fact that the question of who may sue, in a death case, is denominated by the Supreme Court as a "substantive right", which right can be given only by the *lex loci*. 25 C. J. S. Death § 28, at page 1101.

Section 105-1306 of the Georgia Code has been construed by the Courts of Georgia and it was held that upon the death of a mother leaving a husband and children, such have a joint action for the tortious homicide of the mother, and the aforesaid statute restricts the right to sue for such homicide to the husband and the children jointly and forbids separate actions. *Hood v. Southern Ry. Co.*, 169 Ga. 158, 149 S. E. 898; *Watson v. Thompson*, 185 Ga. 402, 195 S. E. 190; *Thompson v. Watson*, 186 Ga. 396, 197 S. E. 774, 117 A. L. R. 484; *Happy Valley Farms v. Wilson*, 192 Ga. 830, 16 S. E. (2d) 720.

We think the rule applicable to the question here presented is succinctly and aptly stated in American Law Institute's Restatement, Conflicts of Laws, Section 395, as follows:

"Right of Action to Widow or Named Relative.

"If the death statute of the state of wrong provides that action for death shall be brought by the widow, the widower, or a named relative of the deceased, the person so designated is the only person to bring suit, though the death statute of the forum provides for suit by a personal representative of the deceased.

"Comment:

"a. In such a case, recovery cannot be had by the personal representative."

We conclude, as did the Circuit Judge, that the present action cannot be maintained by the administrator of the estate of Carlotta McDaniel because Section 105-1306 of the Georgia Code vests this cause of action in the husband and children and prescribes that the action for wrongful death can be maintained only by the surviving husband and children, suing jointly. It follows that the present action was properly dismissed.

Affirmed.

TAYLOR, C. J., and LEWIS, BUSSEY and BRAILSFORD, JJ., concur.