## 48089. MURRAY v. TAYLOR et al.

BELL, Chief Judge. This case raises a conflict of laws question as

to whether the Georgia or South Carolina Statute of Limitation applies to this suit for wrongful death which allegedly occurred in South Carolina in July, 1969. The suit was commenced in March, 1972. Defendants' motion for summary judgment was granted. *Held:*

1. "Where a right of action for a tort is given by a statute of another state, and no period of limitation is prescribed otherwise than by the general law of limitation prevailing in that state, the lex fori, not the lex loci, applies on the subject of limitation." *O'Shields v. Ga. Pac. R. Co.,* 83 Ga. 621 (3) (10 SE 268, 6 LRA 152). However, if the foreign statute which creates or confers the right of action limits the duration of the exercise of the right to a prescribed time, the time limitation in the foreign statute is controlling on the right of action in this jurisdiction. *Selma, R. & D. R. Co. v. Lacey,* 49 Ga. 107. The South Carolina wrongful death statute does not contain within it a condition that the right of action must be exercised within a specific period of time. S. C. Code § 10-1951 et seq. The South Carolina Statute of Limitation provides in pertinent part "§ 10-103 . . . Within six years; (6) an action under §§ 10-1951 to 10-1956 for death by wrongful act, the period to begin to run upon the death of the person on account of whose death the action is brought; . . ." S. C. Code § 10-143 (6). The defendant argues that the South Carolina Statute of Limitation is a general one and the two year Georgia statute controls. It is true that the Wrongful Death Statute under consideration here makes no mention of any period limitation of action, as was the case in *Lacey* which was brought under an Alabama statute. But nonetheless the applicable part of the South Carolina Statute of Limitation is directed specifically to an action for wrongful death. The Supreme Court of the United States in Davis v. Mills, 194 U. S. 451, 454 (24 SC 692, 48 LE 1067) stated, "But the fact that the limitation is contained in the same section or the same statute is material only as bearing on construction. It is merely a ground for saying that the limitation goes to the right created and accompanies the obligation everywhere. The same conclusion would be reached if the limitation was in a different statute, provided it was directed to the newly created liability so specifically as to warrant saying that it qualified the right." See also Maki v. George R. Cooke Co., 124 F2d 663. The South Carolina six-year period of limitation is so specifically directed to a suit for wrongful death that it compels the conclusion that

it qualifies the statute which gives the right to maintain the suit. Thus the South Carolina Statute of Limitation is controlling on Georgia courts with respect to this specific cause of action. It was error for the trial court to grant summary judgment to defendant.

2. Discussion of the other issue made by the appellant is rendered moot by the holding in Division 1.

*Judgment reversed. Hall, P. J., Pannell, Quillian, Evans and Clark, JJ., concur. Eberhardt, P. J., Deen and Stolz, JJ., dissent.*

ARGUED APRIL 3, 1973 — DECIDED OCTOBER 5, 1973 — REHEARING DENIED OCTOBER 30, 1973 — 

*Smith & Millikan, Harmon T. Smith, Jr., Gammon & Anderson, Joseph N. Anderson,* for appellant.

*Gross, Stowe & Shepherd, Millard B. Shepherd, Jr., McClure, Ramsay & Struble, Robert P. Struble,* for appellees.

DEEN, Judge, dissenting. As stated in 53 CJS 970, Limitations of Actions, § 27: "Statutes of limitation are generally considered as municipal regulations founded on local policy, which have no coercive authority abroad, and with which foreign jurisdictions have no concern, and hence the general rule is that in respect of the limitation of actions the law of the forum governs, regardless of where the cause of action arose, or of whether or not the action would be barred in the state in which it arose." This is so because as a matter of public policy states have the right to determine what litigation may or may not be brought in their courts. It is not a matter of full faith and credit. The rule is succinctly stated in Blue v. Maico, 217 FSupp. 747, a wrongful death action decided in the Federal District Court in Georgia, Atlanta Division: "The general rule is that the law of the forum governs with respect to the limitation of actions . . . the law of the State of Georgia, the lex fori, governs the period within which this action [for wrongful death in an airplane crash in Pennsylvania] should be filed, and . . . [it] is barred by the two-year statute of limitation." The case quotes from Cauley v. S. E. Massengill Co., 35 FSupp. 371, to the effect that statutes of limitation are designed according to the sound public policy of each state to put at rest litigation after the lapse of stated periods of time and they "cannot be extended by the legislatures of foreign states." A statute of limitation does not extinguish the legal right but only affects the remedy; because it is thus procedural it is controlled by the law of the forum. Wethington v. Griggs (Ky. App.) 392 S. W. 2d 56; Am. Mut. Liab.

Ins. Co. v. Reed Cleaners, 265 Minn. 503 (122 NW2d 178); Devine v. Rook (Mo. App.) 314 S. W. 2d 932; Pennhurst State School v. Goodhartz' Estate, 42 N. J. 266 (200 A2d 112); Mills v. Mills, 147 Cal. App. 2d 107 (305 P2d 61). The list of states which has stated this rule could be extended indefinitely. The exception, as pointed out in the cited cases, is where the statute which creates the right of action also limits it to a stated period of time. Although actions for wrongful death are not, as is the case with personal injury rights of action, descended to us from the common law, they are generally, as is the case here, created by statutes which create the right of action generally without stating as a condition precedent that the suit must be brought within any particular period of time. The South Carolina civil action for wrongful death, S. C. Code § 10-1951, appears in 1952 Code § 10-1951; 1942 Code § 411; 1932 Code § 411; Civ. P. '22 § 368; Civ. C. '12 § 3955; Civ. C. '02, § 2851; G. S. 2183; R. S. 2315; 1859 (12) 706; 1949 (46) 270. The six-year statute of limitation appears in 1952 Code § 10-143 (6); 1942 Code § 367; 388, 413; 1932 Code § 367, 388, 413; Civ. P. '22 § 331, 350, 369; Civ. C. '12 § 3957; Civ. P. '12 § 137, 156; Civ. C. '02 § 2853; Civ. P. '02 § 112, 130; 1870 (14) 447 § 114, 450 § 132; 1891 (20) 1042; 1903 (24) 96. It will thus be seen that the South Carolina statute which created the right of action did not limit it but, following prior state policy in limitation of personal injury actions, the limitation of such actions was by code made the same as personal injury actions in South Carolina — that is, six years. In the same manner, in Georgia at the time the first wrongful death statutes were passed, (see Cobb's Digest p. 476) it was held in *Atlantic, V. & W. R. Co. v. McDilda,* 125 Ga. 468 (54 SE 140, 114 ASR 240) that the statutory limitation for injuries to the person would control. Where personal injury occurs, whether or not death results is so contingent a thing, so dependent on chance, so unrelated to the wrongdoer's act, that in the interests of uniformity it should surely be reasonable to have the same procedural rules apply to those injuries which result in death and those which do not.

Georgia has adopted the rule stated in *O'Shields v. Ga. Pac. R. Co.,* 83 Ga. 621, 625 (10 SE 268, 6 LRA 152): "Where torts are committed . . . beyond the territorial jurisdiction of the sovereignty in which the action is brought, the lex fori governs, no matter whether the right of action depends upon the common law or a local statute, unless the statute which creates or confers the right limits the duration of such right to a prescribed time." This rule was followed in *Montague v. Cummings,* 119 Ga. 139, 140 (45 SE

979), where the Georgia statute of limitation was applied in an action for damages based on a Tennessee statute, although there was no equivalent tort in Georgia law.

The lex fori result was also reached in the wrongful death action of *Jones v. Womack,* 53 Ga. App. 714 (187 SE 285),where it was held that, although the State of Mississippi, where the death occurred, had a one-year statute of limitation, the State of Georgia required that the defendant (executrix of the estate of the deceased tortfeasor) be given a year's immunity from suit, for which reason the action, brought within the year, was premature.

If the present action were for personal injuries only it is obvious that the lex fori rule would apply (this being a common law action) and the two-year Georgia limitation would hold. The fact that the injury resulted in death should not require a different ruling. The majority opinion in applying the lex loci rule quotes Davis v. Mills, 194 U. S. 251, but this case is not in point. It relates to a Montana statute imposing liability on corporate directors for failure to make reports, and to a subsequent limitation statute which particularly referred to "actions against directors of a corporation to enforce a liability created by law."

On the other hand, the United States Supreme Court has definitely settled the question here involved in a wrongful death action, Wells v. Simonds Abrasive Co., 345 U. S. 514 (73 SC 856, 97 LE 1211). Referring to "the well established principle of conflict of laws that 'If action is barred by the statute of limitations of the forum, no action can be maintained though action is not barred in the state where cause of action arose'" and citing Restatement, Conflict of Laws, § 603 and Order of United Comm. Trav. v. Wolfe, 331 U. S. 586 (67 SC 1355, 91 LE 1687, 173 ALR 1107), the court held (a) that applying the statute of limitation of the forum to a foreign substantive right to sue for damages for the death of another does not deny full faith and credit and (b) that a different result is not required merely because a different time of limitation is included in a foreign statute creating a substantive right unknown to the common law.

This being the case, it would seem preferable and necessary to apply the lex fori rule equally whether the extraterritorial tort does or does not result in death. As the judge stated in Cauley v. S. E. Massengill Co., 35 FSupp. 371, 373 (also a wrongful death case where the period for filing suit in the state where the tort was inflicted was longer than that in the state where the case was filed): "Statutes of limitation, being designed according to the sound

policy of each state for itself to put at rest litigation after the lapse of certain varying periods of time, cannot be extended by the legislatures of foreign states."

To repeat, the question is one of the public policy of the state. The only restrictions on this are (a) that the tort involved be a transitory tort, not a right of action which contains its own limitation in the statute creating it, and (b) that the state of the forum not discriminate between litigants to the disadvantage of a foreign litigant. Otherwise, the rule works both ways. For example, if the Pennsylvania statute of limitation is one year, and the Georgia statute two years, although the death took place in Pennsylvania, the action in Georgia may be brought at any time within the two-year period. But where the tort occurred in South Carolina, as here, the suit in Georgia must still be brought within two years, although the litigant could, and can now, file in South Carolina and have the benefit of the full six years allowed in that state. Thus (a) the statutes of limitation are consistent with the general public policy of the state of the forum, applied in a non-discriminatory way, and (b) the statutes of limitation for personal injury and for wrongful death are likewise applied in the same way and without doing violence to the general fabric of the law.

I am authorized to state that Presiding Judge Eberhardt and Judge Stolz concur in this dissent.