22103

James Morris HUGHES, Administrator of the Estate of Randolph Dale Hughes, Plaintiff-Appellant, v. John DOE, Defendant-Respondent.

(216 S. E. (2d) 383)

Supreme Court

*Thomas K. Fowler, Jr.,* of *John K. Koon, P.A.,* Columbia, *for plaintiff-appellant.*

*Robert E. Salane,* of *Alford, Johnson & Salane,* Columbia, *for defendant-respondent.*

Heard April 16, 1984.

Decided May 14, 1984.

LITTLEJOHN, Chief Justice:

Ralph Dale Hughes was killed in an automobile collision in the State of Georgia in July 1977, allegedly by a hit and run driver of another vehicle. His father, James Morris Hughes, brought this wrongful death action in his capacity as administrator of his son's estate. The defendant is John Doe, a phantom driver, as permitted by statute. The trial judge granted the motion of John Doe for summary judgment. The plaintiff has appealed. We affirm.

This action was commenced by service of a summons and complaint on the Chief Insurance Commissioner for South Carolina in February 1981. The complaint states a wrongful death action in keeping with procedures in South Carolina.

In his answer, Doe asserted that:

(1) The administrator was not the proper party to bring the wrongful death action under Georgia law;
(2) the Georgia statute of limitations barred the action; and
(3) Plaintiff was collaterally estopped from bringing this action because of the result in a separate lawsuit.

Doe moved for summary judgment on the three grounds stated in his answer. The trial judge granted the motion on all three grounds.

We are of the opinion that the parties beneficiaries and those entitled to collect in a wrongful death action occurring in the State of Georgia are determined by the law of Georgia, the *lex loci*. Our decision is mandated by the case of *McDaniel v. McDaniel*, 243 S. C. 286, 133 S. E. (2d) 809 (1963), wherein this court said:

Since this action is brought under the wrongful death action of the State of Georgia ... the substantive rights and liabilities of the parties are to be determined in accordance with the law of Georgia, the *lex loci*. Procedural matters are to be determined in accordance with the law of South Carolina, the *lex fori*.

The Georgia statute in *McDaniel* required that the husband and children shall sue jointly and not separately.

The statute in effect when this suit was brought, *Georgia Code Ann.* Section 74-108, states:

(b)(1) In every case of the homicide of a child, minor or sui juris, there shall be some party entitled to recover the full value of the life of the child either as provided in this section or as provided in Chapter 105-13.

(2) If the deceased child does not leave a spouse or child, *the right of recovery shall be in the parent or parents*, if any, given such a right by this paragraph.

Like the Georgia statute construed in *McDaniel*, this statute requires that the parents shall have the right of recovery. The trial judge correctly granted summary judgment on the first ground because the administrator of the estate is not the proper party plaintiff.

We now discuss the second question: Is the Georgia two year statute of limitations applicable?

In *Taylor v. Murray*, 231 Ga. 852, 204 S. E. (2d) 747 (1974), *rev'g* 130 Ga. App. 129, 202 S. E. (2d) 512 (1973), the Georgia Supreme Court stated:

In our opinion the Georgia two-year limitation of action for wrongful death is the public policy of this state. It bars the institution of such litigation after a lapse of this period and the period cannot be extended by the legislatures of foreign states.

In effect, the Georgia Supreme Court has determined that the statute of limitations is a substantive requirement of the wrongful death statute.

Georgia, by enacting the wrongful death statute, created a right of recovery that did not exist at common law. The time within which the suit can be brought is limited to two years end and is a substantive part of the statute. This was purely a matter for determination of the Georgia law makers — the legislative and the courts.

This court must follow the Georgia statute of limitations, which is two years, for actions such as this brought under the Georgia wrongful death statute. *See McDaniel v. McDaniel, supra.* The Appellant commenced this action more than two

years after the cause of action arose. The statute of limitations, therefore, bars this action. The trial judge correctly granted summary judgment on this ground also.

Because these two issues are dispositive of this appeal and this action, we find it unnecessary to address the issue of collateral estoppel. The judgment is

Affirmed.

NESS, GREGORY and HARWELL, JJ., and JOSEPH R. MOSS, Acting Associate Justice, concur.