Caffie D. THORNTON, as Executrix of the Estate of Emmett M. Lunceford, Jr., deceased, Plaintiff,

v.

CESSNA AIRCRAFT COMPANY, Defendant.

Civ. A. Nos. 3:87–3308–16, 3:88–1322–16.

United States District Court, D. South Carolina, Columbia Division.

Sept. 13, 1988.

T. English McCutchen, III, Columbia, S.C., Robert R. Smiley, III, Robert A. Mineo, Charleston, S.C., for plaintiff.

Richard B. Watson, Columbia, S.C., for defendant.

## ORDER

HENDERSON, District Judge.

This matter is before the Court on the defendant's motion for judgment on the pleadings. For the reasons set forth below, the Court grants the motion as to the plaintiff's strict liability and negligence causes of action and denies the motion as to the plaintiff's breach of warranty causes of action.

The material facts are not in dispute. In 1984, the plaintiff's husband, a South Carolina resident, purchased an airplane in South Carolina from Jim Hamilton Aircraft, Inc. The airplane was manufactured by the defendant and first sold in 1972. On January 17, 1985, the plaintiff's husband was killed when the airplane crashed near Johnson, Tennessee. The plaintiff then brought a wrongful death action in South Carolina state court asserting three theories of recovery: negligence, strict liability and breach of warranty. The defendant later removed the action to this Court and, shortly thereafter, the plaintiff filed a survival action asserting the same three theories of recovery. The two actions have now been consolidated and the defendant has moved for judgment on the pleadings on the ground that the plaintiff's claims are barred under the applicable Tennessee statute of repose, Section 29–28–103(a), Tennessee Code Annotated. Alternatively, the defendant seeks a judgment in its favor on the survival action because Tennessee law does not authorize such an action. It is beyond dispute that, if Section 29–28–103(a) is controlling here, judgment should be granted in the defendant's favor.[1] Ac-

---

1. Section 29–28–103(a) provides in relevant part:

   "Any action against a manufacturer or seller of a product for injury to person or property caused by its defective or unreasonably dangerous condition ... must be brought within ten (10) years from the date on which the product was first purchased for use or con-

sumption, or within one (1) year after the expiration of the anticipated life of the product whichever is the shorter...."

Section 29–28–102(6) of the Tennessee Code defines "product liability action" as follows:

   "Product liability action" for purposes of this chapter shall include all actions brought for or on account of personal injury, death or

cordingly, because the Court holds the plaintiff's tort claims for negligence and strict liability are governed by Tennessee law, including Section 29–28–103, it grants the defendant's motion as it relates to these causes of action.[2] The Court declines, however, to grant the motion as it relates to the warranty causes of action because it finds these claims are governed by South Carolina law. The Court addresses the tort and warranty claims separately.

## I.

First, the Court considers the defendant's motion as it relates to the plaintiff's claims for negligence and strict liability. Where, as here, federal jurisdiction is based on diversity of the parties, the Court is governed by the conflict of law rules of the state in which it sits. *Van Dusen v. Barrack,* 376 U.S. 612, 84 S.Ct. 805, 11 L.Ed.2d 945 (1964). South Carolina adheres to the traditional rule that when an action is brought in one jurisdiction for a tort causing injury in another, the substantive rights of the parties are governed by the *lex loci delicti,* the law of the state in which the injury occurred, while matters of procedure are governed by the *lex fori. Mizell v. Eli Lilly & Co.,* 526 F.Supp. 589, 594–95 (D.S.C.1981); *Gattis v. Chavez,* 413 F.Supp. 33, 35 (1976); *Algie v. Algie,* 261 S.C. 103, 198 S.E.2d 529 (1973); *Oshiek v. Oshiek,* 244 S.C. 249, 136 S.E.2d 303 (1964); *McDaniel v. McDaniel,* 243 S.C. 286, 133 S.E.2d 809 (1963). Under this rule, because the crash causing the decedent's death occurred in Tennessee, the Court must apply the substantive law of Tennessee and the procedural law of South Carolina. Consequently, if the Tennessee statute of repose, Section 29–28–103(a), is a substantive rule of law, it is controlling as to the plaintiff's tort causes of action and defeats those claims as a matter of law.

> property damage caused by or resulting from the manufacture, construction, design, formula, preparation, assembly, testing, service, warning, instruction, marketing, packaging or labeling of any product. It shall include, but not be limited to, all actions based upon the following theories: strict liability in tort; negligence; breach of warranty, express or implied. . . ."

A statute of limitations, which requires an action to be brought within a fixed time following accrual of a cause of action, is generally procedural because it affects the remedy rather than the right. *See Merchant's Mutual Ins. Co. v. South Carolina Second Injury Fund,* 277 S.C. 604, 608, 291 S.E.2d 667, 669 (1982); *Hercules, Inc. v. South Carolina Tax Comm'n,* 274 S.C. 137, 143, 262 S.E.2d 45, 48–49 (1980); *Webb v. Greenwood County,* 229 S.C. 267, 274–75, 92 S.E.2d 688, 694–95 (1956). A statute of repose such as Section 29–28–103(a), however, which requires that an action be brought within a fixed period from some date unrelated to the accrual of the action, such as the date of purchase or sale, is a substantive statute affecting the plaintiff's right. *Goad v. Celotex Corp.,* 831 F.2d 508, 510–11 (4th Cir.1987); *Wayne v. Tennessee Valley Auth.,* 730 F.2d 392, 400–02 (5th Cir.1984), *cert. denied,* 469 U.S. 1159, 105 S.Ct. 908, 83 L.Ed.2d 922 (1985); *Anabaldi v. Sunbeam Corp.,* 651 F.Supp. 1343, 1345 (N.D. Ill.1987); *Miers v. Central Mine Equipment Co.,* 604 F.Supp. 502, 504 (D.Neb. 1985); *Pottratz v. Davis,* 588 F.Supp. 949, 952–54 (D.Md.1984); *Bolick v. American Barmag Corp.,* 306 N.C. 364, 293 S.E.2d 415 (1982). Consequently, the Court concludes that Section 29–28–103(a) is a substantive statute which governs the plaintiff's tort claims. The plaintiff, however, asserts that even if the Tennessee statute is controlling under the *lex loci delicti* rule, the Court should decline to apply it here because of an earlier state court order issued in this case.

Prior to removal, the defendant filed a motion for summary judgment on the same ground asserted here, that the plaintiff's claims are extinguished by the Tennessee statute of repose. The state court judge

Because these actions were filed more than ten years after the decedent's airplane was first sold in 1972, this statute, if applicable, requires judgment in the defendant's favor.

2. Because the Court grants the motion on the basis of the Tennessee statute of repose, it need not consider the alternative ground asserted by the defendant.

denied the motion on the grounds that (1) the statute of repose is procedural rather than substantive, (2) application of Tennessee law would violate the plaintiff's due process rights under the United States Constitution and (3) the statute is contrary to the public policy of South Carolina. The plaintiff argues the Court should accept the state judge's legal conclusions as the law of the case and, accordingly, rule that this action is governed by South Carolina law.

■ Whether rulings of one district judge become binding as "law of the case" upon subsequent district judges is not a matter of rigid legal rule, but more a matter of proper judicial administration which varies with the circumstances so that it may sometimes be proper for a district judge to treat earlier rulings as binding, sometimes not. *Hill v. BASF Wyandotte Corp.*, 696 F.2d 287, 290 n. 3 (4th Cir.1982). Similarly, an interlocutory state court ruling prior to removal is subject to reconsideration by a federal court and, while to be treated with respect, is neither final nor conclusive. *General Investment Co. v. Lake Shore & Mich. So. Ry. Co.*, 260 U.S. 261, 267, 43 S.Ct. 106, 110, 67 L.Ed. 244 (1922); 18 C. Wright & A. Miller, *Federal Practice & Procedure* § 4478, at 798 & n. 29. Because the Court concludes the prior order here was legally erroneous, it declines to treat that order as the law of the case, holding instead that the plaintiff's tort claims are governed by Tennessee law, including Section 29–28–103(a). In reaching this determination, the Court considers separately each of the grounds on which the state judge relied to hold that the plaintiff's claims are governed by South Carolina law.

### A.

First, the state judge ruled that the Tennessee statute of repose is procedural rather than substantive and therefore should not be applied under the South Carolina conflicts rules. As the Court has already found, however, the weight of authority is that such a statute requiring that an action be brought within a fixed period following purchase of goods is substantive because it affects the right rather than the remedy. Consequently, the Court disagrees with the state judge's conclusion in this regard.

### B.

■ Second, the state judge held that application of the Tennessee statute would violate the plaintiff's right to due process under the United States Constitution because there were insufficient contacts between the state of Tennessee and the decedent. The Court disagrees and finds no constitutional defect in applying Tennessee law.

Although courts have rejected application of a specific state's law as violative of due process in isolated cases, none of those cases involved the *lex loci delicti* rule. *See, e.g., John Hancock Mutual Life Ins. Co. v. Yates*, 299 U.S. 178, 57 S.Ct. 129, 81 L.Ed. 106 (1936); *Home Ins. Co. v. Dick*, 281 U.S. 397, 50 S.Ct. 338, 74 L.Ed. 926 (1930). Rather, both federal and state courts have applied the *lex loci delicti* rule without hesitation. *See, e.g., Anderson v. Lane*, 97 F.Supp. 265 (D.S.C.1951); *Algie v. Algie*, 261 S.C. 103, 198 S.E.2d 529 (1973); *Oshiek v. Oshiek*, 244 S.C. 249, 136 S.E.2d 303 (1964). In fact, the United States Supreme Court has expressly held that a state court may constitutionally apply the law of the place of injury in a wrongful death action arising from an airplane crash. *See Richards v. United States*, 369 U.S. 1, 9, 82 S.Ct. 585, 591, 7 L.Ed.2d 492 (1962). Accordingly, the Court finds that applying Tennessee here does not violate the federal Constitution.

### C.

■ Third, the state judge found the Tennessee statute should not be applied because it violates the public policy of South Carolina. The judge ruled that the statute by its very nature violates the state's public policy of providing access to courts to furnish a remedy for every wrong because it could, and in this case would, extinguish the right of a plaintiff before the right even accrued. In reaching this determination, the judge relied on "the well

settled exception to *lex loci delicti* that the law of the forum and not the law of the place of the wrong controls whenever the law of the place of the wrong is contrary to the public policy of the forum state." Memorandum of Law in Support of Defendant's Motion for Judgment on the Pleadings, Appendix A at 7.

In *Rauton v. Pullman*, 183 S.C. 495, 508–09, 191 S.E. 416, 422 (1937), the South Carolina Supreme Court recognized that other courts had "in certain cases" deviated from the *lex loci delicti* rule under "the principle that foreign laws will not be given effect, when contrary to the settled public policy of the forum." *Id.* at 509, 191 S.E. at 422.[3] Without expressly adopting the exception, the court found it inapplicable to that case. Assuming without deciding that the Supreme Court would apply the exception in an appropriate case,[4] the Court concludes this is not such a case because the Tennessee statute does not violate "the settled public policy" of this state.

"Public policy" is "a wide domain of shifting sands." *McKendree v. Southern States Life Ins. Co. of Ala.*, 112 S.C. 335, 338, 99 S.E. 806, 807 (1919). "The term in itself imports something that is uncertain and fluctuating, varying, with the changing economic needs, social customs, and moral aspirations of a people." *Weeks v. New York Life Ins. Co.*, 128 S.C. 223, 227, 122 S.E. 586, 587 (1924). Nevertheless, in *Rauton*, the Supreme Court shed some light on what constitutes the public policy of South Carolina, at least for the purpose of deciding whether to reject foreign law as contrary to the public policy. Under the principles set forth in *Rauton*, the Court finds application of the Tennessee statute of repose does not violate South Carolina's public policy.

South Carolina has not enacted any statute of repose comparable to Tennessee's statute. In addition, it is clear that under South Carolina law, a plaintiff is not foreclosed from bringing a product liability action solely because a specified period has elapsed since the product was first sold into the stream of commerce. *See Mickle v. Blackmon*, 252 S.C. 202, 166 S.E.2d 173 (1969). This does not mean, however, that to impose such a time limitation is contrary to the state's public policy. "[T]he fact that the law of two states may differ does not necessarily imply that the law of one state violates the public policy of the other." *Rauton*, 183 S.C. at 508, 191 S.E. at 422. Rather, " '[t]o justify a Court in refusing to enforce a right of action which accrued under the law of another state, because against the policy of our laws, it must appear that it is against good morals or natural justice, or that for some other such reason the enforcement of it would be prejudicial to the general interests of our own citizens.' " *Id.*, 191 S.E. at 422 (quoting *Herrick v. Minneapolis & St. Louis Ry. Co.*, 31 Minn. 11, 15, 16 N.W. 413, 414 (1883)). Accordingly, the South Carolina Supreme Court has repeatedly adhered to the *lex loci delicti* rule to apply foreign law that defeated claims which would have survived under South Carolina law. *See Algie v. Algie* 261 S.C. 103, 198 S.E.2d 529 (1973); *Rauton v. Pullman*, 183 S.C. 495, 191 S.E. 416 (1937); *Oshiek v. Oshiek*, 244 S.C. 249, 136 S.E.2d 303 (1964); *McDaniel v. McDaniel*, 243 S.C. 286, 133 S.E.2d 809 (1963). Similarly, this Court finds that while the Tennessee statute of repose provides a defense to the plaintiff's claims which is unavailable under South Carolina law, nevertheless the statute is not contrary to good morals or natural justice or prejudicial to the state's general interest. To the contrary, the available evidence indicates the statute is entirely consistent with the public policy of South Carolina.

Although absence of a South Carolina general product liability statute of repose does not prove such a statute is contrary to public policy, the enactment of other stat-

---

**3.** The Court observed, however, that "[l]ogically, this contention puts [the plaintiff-appellant] out of Court, because, if he has no cause of action under the foreign law, he has none in any other jurisdiction." 183 S.C. at 508, 191 S.E. at 422.

**4.** Although the public policy exception has not been expressly adopted by the South Carolina Supreme Court or Court of Appeals, this District applied it in *Mizell v. Eli Lilly & Co.*, 526 F.Supp. 589, 594–95 (D.S.C.1981).

utes of repose does indicate compliance with the state's public policy. *See Rauton,* 183 S.C. at 508–09, 191 S.E. at 422.[5] In recent years, the South Carolina General Assembly has enacted two such statutes limiting the time within which certain actions may be brought. Section 15–3–545 requires all medical malpractice actions to be commenced no later than six years from the date of the alleged malpractice.[6] Section 15–3–640 of the South Carolina Code requires that an action based on the defective or unsafe condition of an improvement to real property be brought no later than thirteen years following "substantial completion" of the improvement.[7] The state judge considered this latter statute but found it unpersuasive on the public policy issue because the South Carolina statute includes a provision requiring conspicuous notice to the owner or possessor of the property of his right to contract for a warranty extending beyond the statutory thirteen year period.[8] The state judge reasoned that the public policy of South Carolina requires inclusion of similar notice provisions in any statute of repose. This Court, however, disagrees for the following reasons. First, the South Carolina Supreme Court made it clear in *Rauton* that a foreign law is not violative of public policy solely because it differs from the law of the forum. Second, the medical malpractice statute of repose contains no notice provision, indicating that, while the legislature deemed such a safeguard appropriate in a statute applicable to real property improvements, it did not conclude that the public policy of the state requires such a provision in every statute of repose.[9]

For these reasons, the Court finds the Tennessee statute of repose does not violate any settled public policy of South Carolina but is merely a legal defense not

---

**5.** In *Rauton,* the Court stated: "'Similarity of legislation has indeed this importance; its presence shows beyond question that the foreign statute does not offend the local policy. But its absence does not prove the contrary. It is not to be exalted into an indispensable condition.'" 183 S.C. at 508–09, 191 S.E. at 422 (quoting *Howard v. Howard,* 200 N.C. 574, 579, 158 S.E. 101, 103 (1931)).

**6.** The medical malpractice statute provides in relevant part:

> Any action to recover damages for injury to the person arising out of any medical, surgical or dental treatment, omission or operation by any licensed health care provider ... shall be commenced within three years from the date of the treatment, omission or operation giving rise to the cause of action or three years from date of discovery or when it reasonably ought to have been discovered, *not to exceed six years from date of occurrence.*

Section 15–3–545, Code of Laws of South Carolina, 1976, as amended (emphasis added).

**7.** This statute provides in relevant part:

> No actions to recover damages based upon or arising out of the defective or unsafe condition of an improvement to real property may be brought mote than thirteen years after substantial completion of such an improvement.... This section describes an outside limitation of thirteen years after the substantial completion of the improvement, within which normal statutes of limitations continue to run.

Section 15–3–640, Code of Laws of South Carolina, 1976, as amended. In 1978, the South Carolina Supreme Court found a similar statute

of repose violative of equal protection because it provided protection only for architects, engineers and contractors without providing any rational basis for distinguishing this class of defendants from owners and manufacturers. *See Broome v. Truluck,* 270 S.C. 227, 241 S.E.2d 739. The Court, however, does not interpret the opinion to indicate the Tennessee statute at issue here would violate South Carolina public policy. Because the Tennessee statute affects all sellers of goods, it does not violate equal protection. Further, *Broome* in no way suggests that a statute of repose protecting sellers is *per se* violative of public policy.

**8.** The state judge also relied on the following limitation to Section 15–3–640:

> The limitation provided by § 15–3–640 may not be asserted as a defense to any action for personal injury, including a personal injury resulting in death, or property damage which is (i) by its nature not discoverable in the exercise of reasonable diligence at the time of its occurrence and (ii) the result of ingestion of or exposure to some toxic or harmful or injury producing substance, element, or particle, including radiation, over a period of time as opposed to resulting from a sudden and fortuitous trauma.

Section 15–3–670, Code of Laws of South Carolina, 1976, as amended. This limitation, however, is expressly intended to apply only to special circumstances not present here.

**9.** The South Carolina Supreme Court upheld the constitutionality of Section 15–3–545 in *Smith v. Smith,* 291 S.C. 420, 424–25, 354 S.E.2d 36, 39 (1987).

adopted by this state.[10] The Court therefore holds that the Tennessee statute applies to the plaintiff's tort claims and that the plaintiff is time-barred under that statute from pursuing those claims against the defendant. Accordingly, the Court grants the defendant's motion as it relates to the plaintiff's negligence and strict liability claims.

## II.

■ Next, the Court considers the defendant's motion insofar as it seeks judgment on the plaintiff's warranty causes of action and concludes the motion should be denied because those causes of action are governed by South Carolina law.

Because the plaintiff's warranty claims are asserted under the Uniform Commercial Code, Sections 36–1–101 *et seq.*, Code of Laws of South Carolina, 1976, they are subject to the choice of law rule set out in Section 36–1–105(1). Section 36–1–105(1) provides:

> Except as provided hereafter in this section, when a transaction bears a reasonable relation to this State and also to another state or nation the parties may agree that the law either of this State or of such other state or nation shall govern their rights and duties. Failing such agreement, this Act applies to transactions bearing an appropriate relation to this State.

The second sentence of this subsection means that "the forum state shall apply its law if it has a reasonable relationship to the contract." Section 36–1–105 South Carolina Reporter's Comment; *see also Bilancia v. General Motors Corp.*, 538 F.2d 621 (4th Cir.1976); *Aldon Indus., Inc. v. Don Myers & Assocs., Inc.*, 517 F.2d 188, 190 (5th Cir.1975); *Whitaker v. Harvell–Kilgore Corp.*, 418 F.2d 1010 (5th Cir.1969); *Petersen v. Roylin Enters., Inc.*, 529 F.Supp. 584, 586 n. 2 (D.Nev.1982); *Teel v. American Steel Foundries*, 529 F.Supp. 337, 344 (E.D.Mo.1981); *Bernick v. Jurden*, 306 N.C. 435, 441–44, 293 S.E.2d 405, 409–11 (1982). Because the decedent here resided in South Carolina and purchased and maintained the airplane in this state, the Court holds that there exists a "reasonable," and therefore "appropriate," relationship to South Carolina. *See Teel,* 529 F.Supp. at 344. Consequently, Section 36–1–105(1) requires that the Court apply South Carolina law to the plaintiff's warranty claims.[11]

## III.

For the reasons set forth above, the Court grants the defendant's motion for judgment·on the pleadings‘insofar as it seeks judgment on the plaintiff's causes of

---

**10.** In *Mizell v. Eli Lilly & Co.,* 526 F.Supp. 589, 594–97 (D.S.C.1981), the district court applied the public policy exception and declined to apply California law because it found California's theory of market share liability would contravene the public policy of South Carolina. *Mizell* is distinguishable because the court there concluded that application of the market share theory would "'violate established public policy and fundamental principles of tort law and procedure.'" *Id.* at 596 (quoting *Ryan v. Eli Lilly & Co.,* 514 F.Supp. 1004, 1018–19 (D.S.C.1981)). The *Mizell* Court found that market share liability "represents a radical departure from the body of products liability law that has developed in South Carolina" because it "destroys the nexus between production of a defective item and the plaintiff's injury" and results in "liability [being] placed on defendants bearing no responsibility for the defective product." *Id.* 526 F.Supp. at 596.

**11.** The Court would reach the same choice of law determination under South Carolina pre-Code choice of law rules. Under South Carolina law, an action for breach of warranty is an action *ex contractu* not *ex delicto. See Smith v. Smith,* 291 S.C. 420, 354 S.E.2d 36 (1987); *Benford v. Berkeley Heating Co.,* 258 S.C. 357, 362, 188 S.E.2d 841, 843 (1972). South Carolina adheres to the traditional conflicts rule that in a contract action, the validity and construction of a contract are determined by the law of the place where the contract is made and enforcement is governed by the law of the state where it is to be performed. *Livingston v. Atlantic Coast Line R.R. Co.,* 176 S.C. 385, 391–92, 180 S.E. 343, 345 (1935); *Cantey v. Philadelphia Life Ins. Co.,* 166 S.C. 181, 187–88, 164 S.E. 609, 611 (1932). Under this rule, the plaintiff's warranty claims would be governed by South Carolina law because South Carolina is the state where the parties entered into the contract giving rise to the plaintiff's warranty rights and where that contract was to be performed. *Accord McHugh v. Carlton,* 369 F.Supp. 1271, 1272 (D.S.C.1974), *aff'd without published opinion,* 538 F.2d 324 (1976).

action for negligence and strict liability and denies the motion as it relates to the causes of action for breach of warranty. Because this disposition involves controlling questions of law on which there are substantial grounds for differences of opinion and because immediate appeal from this order may materially advance the ultimate termination of the litigation, the plaintiff and the defendant are hereby granted the right to seek an immediate appeal to the Court of Appeals for the Fourth Circuit within 10 days of the date of this order pursuant to 28 U.S.C. § 1292(b).

IT IS SO ORDERED.