Debra L. **COLLIER** as Personal Representative of the Estate of Randy Collier, Plaintiff,

v.

**VARCO–PRUDEN BUILDINGS, a DIVISION OF UNITED DOMINION INDUSTRIES, INC.,** Defendant.

Civ. A. Nos. 6:95–430–20, 6:95–431–20.

United States District Court, D. South Carolina, Greenville Division.

May 11, 1995.

Thomas Holloway Coker, Jr., Norman Ward Lambert, Haynsworth, Marion, McKay & Guerard, James J. Reid, John P. Mann, Mann Law Firm, Greenville, SC, for plaintiff.

Robert W. Fuller, Robinson, Bradshaw & Hinson, Charlotte, NC, Brian S. McCoy, Robinson, Bradshaw, & Hinson, P.A., Rock Hill, SC, for defendant.

## ORDER

HERLONG, District Judge.

This matter is before the court on the motion of the defendant, Varco–Pruden Buildings ("Varco–Pruden"), to dismiss the complaints in the above-referenced actions and on the motion of the plaintiff, Debra Collier ("Collier"), for leave to amend her complaints. For the reasons that follow, Collier's motion for leave to amend is granted in part and Varco–Pruden's motion to dismiss is granted in part.

Collier, personal representative of the estate of Randy Collier, commenced these wrongful death and survival actions after her husband died as a result of injuries sustained in a fall that occurred while he was working on a construction project in North Carolina. The accident occurred on May 20, 1992. Collier filed these actions on February 16, 1995. The complaints seek relief under South Carolina law. Varco–Pruden has moved to dismiss on the ground that Collier's complaints do not state a claim under North Carolina law.

Both parties agree that the substantive law of North Carolina governs Collier's claims, and Collier has filed motions to amend the complaints to seek relief under North Carolina, rather than South Carolina, law. Varco–Pruden opposes Collier's motion to amend on the ground that any amendment would be futile, as Collier cannot prevail on her tendered claims. *See Foman v. Davis,* 371 U.S. 178, 182, 83 S.Ct. 227, 230, 9 L.Ed.2d 222 (1962); 6 Charles A. Wright et al., *Federal Practice & Procedure* § 1487 (2d ed. 1990) ("[I]f a complaint as amended could not withstand a motion to dismiss, then the amendment should be denied as futile."). Varco–Pruden asserts two grounds for its position that amending the complaints would be fu-

tile: (1) the actions are barred by North Carolina's two-year statute of limitations for wrongful death actions; and (2) the complaints fail to state a claim upon which relief can be granted under North Carolina law.

■ In determining whether an action is barred by a statute of limitations, a court must determine whether the statute at issue is procedural, in which case the limitations period of the forum governs, or substantive, in which case the limitations period of the state where the injury occurred governs. *See Hughes v. Doe,* 281 S.C. 488, 316 S.E.2d 383, 384 (1984); *Thornton v. Cessna Aircraft Co.,* 703 F.Supp. 1228, 1230 (D.S.C.1988), *aff'd,* 886 F.2d 85 (4th Cir.1989). Both Collier and Varco–Pruden agree that statutes of limitation generally are procedural in nature, and that, consequently, the limitations period of the forum state will usually govern. *See Thornton v. Cessna Aircraft Co.,* 703 F.Supp. 1228 (D.S.C.1988). However, wrongful death statutes often create a substantive time limitation that restricts the right of the plaintiff to bring the action, rather than merely restricting her remedy. *See* Restatement (Second) of Conflict of Laws § 142 cmt. g (Supp. 1988). The parties disagree as to whether North Carolina's limitations period for wrongful death actions is procedural or substantive.

■ Varco–Pruden relies on a South Carolina case interpreting the North Carolina statute at issue. *See Dennis v. Atlantic Coast Line R.R.,* 70 S.C. 254, 49 S.E. 869 (1904). The *Dennis* court held that the North Carolina wrongful death limitations period was substantive, and therefore did not allow a plaintiff whose wrongful death claim was barred under the North Carolina statute to bring the claim in South Carolina. *Id.* at 870. Collier, however, points out that the North Carolina legislature has since moved its wrongful death statute of limitations from the wrongful death section of its Code to the general statute of limitations section. *See* N.C.Gen.Stat. § 1–53(4). North Carolina courts have determined that "[t]he effect of the amendment was to make the time limitation a statute of limitations and no longer a condition precedent to the right to bring and maintain the action." *Kinlaw v. Norfolk S.*

*Ry.,* 269 N.C. 110, 152 S.E.2d 329, 336 (1967). Therefore, Collier argues, the North Carolina statute of limitations is procedural, and the court should follow South Carolina's applicable limitations period, which is three years. S.C.Code Ann. § 15–3–530.

In *Hughes v. Doe,* 281 S.C. 488, 316 S.E.2d 383 (1984), the South Carolina Supreme Court confronted a similar factual situation and disallowed a wrongful death claim barred by the Georgia limitations period. The court stated that the enactment of a substantive limitations period was "purely a matter for determination of the Georgia law makers." *Id.* at 385. It found that the "Georgia Supreme Court has determined that the statute of limitations is a substantive requirement of the wrongful death statute." *Id.* at 385 (relying on Georgia case law). By contrast, the North Carolina legislature and Supreme Court have determined that the North Carolina wrongful death limitations period is procedural. *See Kinlaw,* 152 S.E.2d at 329. Therefore, the court concludes that South Carolina's three-year statute of limitations applies to Collier's claims.

■ Varco–Pruden next argues that Collier's proposed amended complaints do not state claims upon which relief can be granted under North Carolina law. The proposed amended complaints allege strict liability and breach of warranty. "North Carolina expressly rejects strict liability in products liability actions...." *Bryant v. Adams,* 116 N.C.App. 448, 448 S.E.2d 832, 845 (1994), *cert. denied,* 339 N.C. 736, 454 S.E.2d 647 (1995). Therefore, any amendment of the complaint that alleges strict liability would be futile under North Carolina law and will not be allowed.

■ The court also concludes that an amendment alleging a breach of warranty claim would be futile in light of North Carolina's rules of privity. *See* N.C.Gen.Stat. §§ 25–2–318, 99B–2(b) (extending seller's warranties to "any natural person who is in the family or household of his buyer or who is a guest in his home," "a guest of the buyer," or "an employee of the buyer"). Varco–Pruden has submitted an affidavit stating that it did not sell the allegedly dangerous materials to Randy Collier's employ-

er. (Reebel Aff. ¶ 3.) Collier has submitted no evidence to dispute this contention.

While the claims for strict liability and breach of warranty will not be allowed, the court finds that the proposed amended complaints also allege negligence. (*See* Prop. Am.Compls. ¶¶ 14a–d, 15.) Therefore, the court grants leave for Collier to amend her complaint insofar as it alleges negligence.

■ Finally, Varco–Pruden points out that, under North Carolina law, wrongful death and survival claims must be brought in one action. *See* N.C.Gen.Stat. § 28A–18–2; *Keys v. Duke Univ.,* 112 N.C.App. 518, 435 S.E.2d 820 (1993) (citing *Christenbury v. Hedrick,* 32 N.C.App. 708, 234 S.E.2d 3, 5 (1977)). Therefore, Collier is directed to assert any amended claims in a single action in CA No. 95–430–20.

For the foregoing reasons, it is

**ORDERED** that Collier's motion for leave to amend is hereby granted to the extent the complaint alleges negligence. It is further

**ORDERED** that Varco–Pruden's motion to dismiss the complaint in CA No. 95–431–20 (Survival Action) is hereby granted. It is further

**ORDERED** that Varco–Pruden's motion to dismiss the complaint in CA No. 95–430–20 (Wrongful Death) is hereby denied.

**IT IS SO ORDERED.**