676 So.2d 479 (1996)
HOME DEPOT U.S.A. COMPANY, INC., Appellant/Cross-Appellee,
v.
Holly L. TAYLOR and Dennis E. Taylor, Jr., Appellees/Cross-Appellants.
No. 95-1424.
District Court of Appeal of Florida, Fifth District.
June 14, 1996.
Rehearing Denied July 17, 1996.
Michael A. Roe and David B. Kampf, Austin, Leg, Roe, Patsko & Swain, P.A., Tampa, for Appellant/Cross-Appellee.
Jack B. Nichols, Orlando, for Appellees/Cross-Appellants.
*480 DAUKSCH, Judge.
This is an appeal from an order granting a new trial on damages only in a personal injury case and an order directing a verdict on an issue regarding liability.
As to the order granting a new trial, this case is controlled by Poole v. Veterans Auto Sales & Leasing Co., Inc., 668 So.2d 189 (Fla.1996) where our supreme court held that orders granting a new trial must comply with the dictates of Wackenhut Corp. v. Canty, 359 So.2d 430 (Fla.1978) even though the order is based upon a defendant's rejection of an order of additur. That is, under the statute, section 768.44, Florida Statutes, if a trial judge orders an additur, and the defendant rejects the additur, then the court must order a new trial on damages, but the trial court must still set out in the order granting the new trial specific sufficient grounds for the award of new trial. It is insufficient to just order a new trial based upon the rejection of a remittitur or an additur. So the order granting a new trial on damages should be quashed on this basis.
However, we find error in the trial court having directed a verdict for appellee on the issue of her comparative negligence, so a new trial on both liability and damages must be had anyway. There is some evidence in the record that perhaps appellee loaded her shopping cart in such a fashion that she was unable to control it when it passed over a crack or expansion joint in the floor. There is also evidence that appellee was aware that she should have used a flatbed cart, instead of a basket cart, to load the boxes of tile for transport to her vehicle. There was also evidence that appellee was pulling the cart rather than pushing it, as is the usual, and perhaps proper, way to operate it. Because the jury must determine who was at fault, and the degree of relative fault, it was error to take that decision from them.
There is a rule used by courts of appeal which is called the "tipsy coachman" rule. It comes to us from Georgia, Lee v. Porter, 63 Ga. 345, by the way of our supreme court in Carraway v. Armour & Co., 156 So.2d 494 (Fla.1963).
The pupil of impulse, it fore'd him along,
His conduct still right, with his argument wrong;
Still aiming at honour, yet fearing to roam,
The coachman was tipsy, the chariot drove home; ...
The trial judge made the right decision, albeit for the wrong reason, so we affirm the order granting the new trial, but determine the new trial must be for both liability and damages.
AFFIRMED in part; REVERSED in part and REMANDED.
COBB and GRIFFIN, JJ., concur.