961 So.2d 1113 (2007)
Lois G. JOHNSON and Thomas L. Johnson, Appellants,
v.
ALLSTATE INSURANCE COMPANY, Appellee.
No. 2D05-4693.
District Court of Appeal of Florida, Second District.
August 8, 2007.
*1114 James B. Loper, Tampa, for Appellants.
Charles W. Hall and Mark D. Tinker of Fowler White Boggs Banker P.A., Tampa, for Appellee.
PER CURIAM.
Upon consideration of Appellants' motion for rehearing en banc, or in the alternative, motion for written opinion and certification filed March 20, 2007, it is
ORDERED that Appellants' motion is granted to the extent that the opinion dated March 7, 2007, is withdrawn and the attached opinion is substituted therefor. In all other respects, the motion is denied.
Lois G. Johnson and Thomas L. Johnson appeal the trial court's order granting Allstate's motion to dismiss their complaint. The trial court found that the Johnsons' uninsured motorist action against Allstate was barred by South Carolina's three-year statute of limitations. Although we agree that this was error, we affirm the trial court's dismissal because South Carolina law requires that the Johnsons file an action against the tortfeasor prior to filing the uninsured motorist complaint, an act that they have failed to do.
The Johnsons are residents of South Carolina and obtained uninsured motorist protection through an auto insurance policy purchased from Allstate in South Carolina. On December 25, 2000, while visiting Pasco County, Florida, the Johnsons were involved in an automobile accident with Kimberly Manion, an uninsured motorist. On December 10, 2004, the Johnsons filed their uninsured motorist claim against Allstate in Pasco County but did not join Manion as a party defendant. The trial court dismissed the complaint, concluding that the South Carolina statute of limitations applied and that since the action was not filed within the three-year period provided by South Carolina law, the claim was barred. It is this dismissal that is the subject of this appeal.
Florida follows the doctrine of lex loci contractus in determining the applicable statute of limitations. Lumbermens Mut. Cas. Co. v. August, 530 So.2d 293, 295 (Fla.1988). "That rule provides that the laws of the jurisdiction where the contract was executed govern interpretation of substantive issues regarding the contract." Id. at 295. Because the contract in this case was executed in South Carolina, we look to South Carolina law to determine whether the action is barred by a statute of limitations. South Carolina courts first determine whether the statute is procedural or substantive. If procedural, the limitations period of the forum controls (lex fori); if substantive, the limitations period of the state where the injury occurred controls (lex loci). See Hughes v. Doe, 281 S.C. 488, 316 S.E.2d 383, 384 (1984); see also Collier v. Varco-Pruden Bldgs., a Div. of United Dominion Indus., Inc., 886 F.Supp. 528 (D.S.C.1995). Although Florida courts generally regard statutes of limitation as procedural, see Houck Corp. v. New River, Ltd., Pasco, 900 So.2d 601, 603 (Fla. 2d DCA 2005), we need not analyze this further because both the lex fori and the lex loci in this case are in Florida. As a result, Florida's five-year statute of limitation applies and the suit was timely filed.
*1115 However, Allstate also contends that under South Carolina law, the Johnsons were required to establish the liability of the tortfeasor prior to filing the uninsured motorists claim with Allstate. This issue must be resolved with reference to the rule of lex loci contractus.
[I]n determining which state's law applies to contracts, we have long adhered to the rule of lex loci contractus. That rule, as applied to insurance contracts, provides that the law of the jurisdiction where the contract was executed governs the rights and liabilities of the parties in determining an issue of insurance coverage.
State Farm Mut. Auto. Ins. Co. v. Roach, 945 So.2d 1160, 1163 (Fla.2006). South Carolina follows the same rule. See Lister v. NationsBank of Del., N.A., 329 S.C. 133, 494 S.E.2d 449, 455 (1997) ("`[A] contract as to its validity and interpretation is governed by the law of the place where it is made, the lex loci contractus.'" (quoting Livingston v. Atlantic Coast Line R.R. Co., 176 S.C. 385, 180 S.E. 343, 345 (1935))). Because the contract was executed in South Carolina, South Carolina law must be applied.
Under South Carolina law, an insured may not bring an action against an insurer on the uninsured motorist provision of the insured's auto insurance contract unless the insured has brought an action against the at-fault driver. See S.C.Code § 38-77-160 (Supp.2005); Williams v. Selective Ins. Co., 315 S.C. 532, 446 S.E.2d 402, 404 (1994) ("[A]bsent compliance with the requirement that pleadings in the action establishing liability be served on the underinsured carrier, Williams cannot maintain her action against Insurer."); see also Ex parte Allstate Ins. Co., 339 S.C. 202, 528 S.E.2d 679, 680 (2000) ("The requirement of service in the . . . statute is absolute."). Having failed to file pleadings establishing the liability of the tortfeasor as required by South Carolina law, the Johnsons may not bring an action for breach of contract on the uninsured motorist provision of their contract with Allstate.
The Johnsons point out that Allstate did not argue the South Carolina requirement to establish the liability of the tortfeasor prior to bringing the action against Allstate as a defense below. Allstate's failure to do so, however, is not fatal to its position. While we do recognize that the general rule is that "if a claim is not raised in the trial court, it will not be considered on appeal," Dade County Sch. Bd. v. Radio Station WQBA, 731 So.2d 638, 644 (Fla.1999), in some cases, even if a trial court's ruling is based on erroneous reasoning, its decision will be upheld "if there is any basis which would support the judgment in the record," id. This has come to be known in Florida as the "tipsy coachman" doctrine. See Home Depot U.S.A. Co. v. Taylor, 676 So.2d 479, 480 (Fla. 5th DCA 1996).
If an appellate court, in considering whether to uphold or overturn a lower court's judgment, is not limited to consideration of the reasons given by the trial court but rather must affirm the judgment if it is legally correct regardless of those reasons, it follows that an appellee, in arguing for the affirmance of a judgment, is not limited to legal arguments expressly asserted as grounds for the judgment in the court below. It stands to reason that the appellee can present any argument supported by the record even if not expressly asserted in the lower court.
Dade County Sch. Bd., 731 So.2d at 645. Here, the trial court reached the right result, albeit for the wrong reasons. Because the cause of action is barred under South Carolina law, we affirm the trial *1116 court's order dismissing the Johnsons' complaint.
Affirmed.
DAVIS and CANADY, JJ., and CRENSHAW, MARVA L., Associate Judge, Concur.