18212

Lena F. OSHIEK, Appellant, v. C. F. OSHIEK, Respondent

(136 S. E. (2d) 303)

*Messrs. Walker & McKellar,* of Ridgeland, for *Appellant,*

*Joseph N. Malphrus, Esq.,* of Ridgeland, for *Respondent,*

May 12, 1964.

Moss, Justice.

Lena F. Oshiek, the appellant herein, and C. F. Oshiek, the respondent herein, are husband and wife, and are residents of Beaufort County, South Carolina. This interspousal action is brought by the wife against the husband and is one to recover damages for personal injuries alleged to have been sustained as a result of the negligent, willful, wanton, careless and reckless operation of an automobile owned and driven by the respondent at the time of the injury to the appellant. It is further alleged that the accident occurred near the City of Savannah, in the State of Georgia.

The husband demurred to the complaint upon the ground that it fails to state sufficient facts to constitute a cause of action, in that it is alleged that the appellant is the wife of the respondent, and the alleged automobile accident and the resulting injury to the wife occurred in the State of Georgia; that under the law of said State, one spouse has no right of action against the other for a personal tort based upon negligence and willfulness; and the right to recover for such personal injury must be determined by the law of Georgia where the injury was sustained; and since no right of action exists under the law of Georgia, the wife has no cause of action which can be enforced in South Carolina.

The demurrer was heard by the Honorable James Hugh McFaddin, Presiding Judge, and by order, dated November 15, 1963, the said demurrer was sustained and the complaint was dismissed. This appeal followed.

The sole question presented by this appeal is whether capacity to sue in an interspousal tort action should be determined by the law of the place where the tort is committed or by the law of the domicile of the parties.

It is well settled in this State that a wife can maintain an action against her husband for personal injuries sustained in an automobile accident. Section 10-216, 1962 Code of Laws. *Pardue v. Pardue,* 167 S. C. 129, 166 S. E. 101; and *Fowler v. Fowler,* 242 S. C. 252, 130 S. E. (2d) 568.

Under the decisions of the Courts of Georgia, it has been held that since husband and wife were considered as one person at common law, and the common law not having been changed by statute, in this respect in Georgia, neither one could maintain a civil action against the other based on a tort, and this is true regardless of whether the civil action is based upon simple negligence, willful, wanton or malicious misconduct. *Eddleman v. Eddleman,* 183 Ga. 766, 189 S. E. 833, 109 A. L. R. 877; and *Wright v. Wright,* 85 Ga. App. 721, 70 S. E. (2d) 152. We quote from the last cited case, the following:

"We therefore hold that there is not, in this State, any right of action in one spouse against another for a personal tort not involving any property right, and that this is true regardless of the fact that the tort is wantonly and maliciously inflicted."

The general rule is that where an action is brought in one jurisdiction for a tort committed in another, all matters relating to the right of action are governed by the *lex loci delicti.* That law determines whether a person has sustained a legal injury. The actionable quality or nature of acts causing bodily injuries as tortious is therefore to be determined by reference to the *lex loci delicti* rather than the *lex fori. Rauton v. The Pullman Company,* 183 S. C. 495, 191 S. E. 416, and the cases therein cited.

The foregoing rule has been applied to interspousal actions and whether one spouse has the right to sue the other for personal injuries has been held to be a matter to be determined by the law of the situs of the tort; if no right of action exists there the injured spouse has none which can be enforced elsewhere. *Shaw v. Lee,* 258 N. C. 609, 129 S. E. (2d) 288; *Dawson v. Dawson,* 224 Ala. 13, 138 So. 414; *Gray v. Gray,* 87 N. H. 82, 174 A. 508, 94 A. L. R. 1404; *Wolozin v. Wolozin,* 149 Conn. 739, 182 A. (2d) 8; *Robinson v. Gaines, Mo.,* 331 S. W. (2d) 653; *Bissonnette v. Bissonnette,* 142 A. (2d) 527; *Boisvert v. Boisvert,* 94 N. H. 357, 53 A. (2d) 515. Other cases discussing the right of a wife to sue her husband for injuries tortiously inflicted in a State other than the domicile of the parties, are collected in 108 A. L. R. 1126, 146 A. L. R. 705 and 22 A. L. R. (2d) 1248. An examination of these cases will show the general adherence to the rule of *lex loci delicti.*

The rule that the existence of a right of action between spouses for personal injury is a matter of substance to be determined by the law of the place where the tort was committed has been held to preclude the maintenance of such an action even in a jurisdiction which would authorize it if the tort had occurred within its boundaries, where no such right of action is recognized at the situs of the tort. In *Coster v. Coster,* 289 N. Y. 438, 46 N. E. (2d) 509, 146 A. L. R. 702 the New York Court dismissed a wife's complaint against her husband and said that her "right to bring and to maintain the suit and to recover damages against her spouse is a substantive right, a part of her cause of action and not a mere matter of remedy," and added that substantive rights are to be determined by the *lex loci delicti* unless they contravene the public policy of the forum.

The appellant urges that the law of domicile and not the rule of *lex loci delicti* should be applied as to the right of one spouse to sue another. She relies upon the case of *Haumschild v. Continental Casualty Company,* 7 Wis.

(2d) 130, 95 N. W. (2d) 814, which expressly overruled the case of *Buckeye v. Buckeye,* 203 Wis. 248, 234 N. W. 342, which latter case applied the *lex loci delicti* rule. The *Haumschild case* held that the law of domicile is applicable in interspousal suits and based such a conclusion on the cases of *Emery v. Emery,* 45 Cal. (2d) 421, 289 P. (2d) 218, and *Koplik v. C. P. Trucking Corp.,* 27 N. J. 1, 141 A. (2d) 34; and articles appearing in several law reviews.

The claim here asserted by the appellant is identical with the claim asserted in *Howard v. Howard,* 200 N. C. 574, 158 S. E. 101. There the plaintiff was injured by the negligent operation of an automobile by her husband in New Jersey. New Jersey, adhering to the common law rule, denies a wife the right to sue her husband for injuries resulting from his negligence. The North Carolina Supreme Court sustained a judgment of nonsuit, holding that the plaintiff could not recover here unless she had a right of action under the laws of New Jersey.

The case of *Bogen v. Bogen,* 219 N. C. 51, 12 S. E. (2d) 649, was an action brought by a wife against her husband for injuries sustained in an automobile collision which occurred in North Carolina. The parties to the action were residents of Ohio, and the North Carolina Supreme Court was called upon to determine whether a resident of Ohio, where the common law rule was in force, could recover in an action against her husband for injuries negligently inflicted in North Carolina. Applying the rule announced in the *Howard case,* the Court held that the plaintiff was entitled to maintain her action. It thus appears that the Court applied the rule of *lex loci delicti* rather than the law of the domicile.

The case of *Shaw v. Lee,* 258 N. C. 609, 129 S. E. (2d) 288, was an action by a widow, who was a resident of North Carolina, against the estate of her husband for injuries allegedly received as the result of negligence of her husband while driving in the State of Virginia. A demurrer

to the complaint was sustained on the ground that the plaintiff could not have recovered for such injuries under Virginia law and hence could not recover in North Carolina. In affirming the judgment sustaining the demurrer, the Supreme Court of North Carolina said:

"The reasoning supporting the conclusions reached in *Howard v. Howard, supra,* and *Bogen v. Bogen, supra,* is, we think, sound. To depart from the principles on which those cases were based will open the door to a multitude of claims founded on the assertion that the law of the *lex domicilii* is more equitable and just than the *lex loci*— justifying the application of our substantive law instead of the *lex loci*. We do not deem it wise to voyage into such an uncharted sea, leaving behind well-established conflict of laws rules."

In the *Shaw case,* the Supreme Court of North Carolina was urged to apply the law of the domicile. Its attention was directed to the holding of the Supreme Court of Wisconsin in the *Haumschild case* and other cases, together with the law review articles, supporting the application of the law of the domicile. The Court declined to follow the doctrine of the *Haumschild case* and held that the wife never had a cause of action against her husband under the law of Virginia. Thus, the North Carolina Supreme Court rejected the law of the domicile and adhered to the *lex loci delicti* rule. We are convinced that the decision of the North Carolina Supreme Court in the *Shaw case* is sound.

We conclude, as did the Circuit Judge, that the situs of the tort is controlling on the issue of the existence of a cause of action for personal injury by one spouse against the other. Since, under the law of the State of Georgia, the wife had no right of action against her husband for a personal tort, she has no right of action which can be enforced here.

The exception of the appellant is overruled and the judgment below is affirmed.

Affirmed.

TAYLOR, C. J., and LEWIS, BUSSEY and BRAILSFORD, JJ., concur.