19674

Edith A. ALGIE, Respondent, v. William R. ALGIE, Appellant.
(198 S. E. (2d) 529)

*Messrs. Buist, Moore, Smythe & McGee,* of Charleston *for Appellant,* cite:

*Messrs. Pritchard, Myers, Morrison & Bloom,* of Charleston, *for Respondent,* cite:

*Messrs. Buist, Moore, Smythe & McGee,* of Charleston, *for Appellant, in Reply.*

August 14, 1973.

BRAILSFORD, Justice:

The plaintiff-wife sustained grievous injuries in the crash of an airplane piloted by the defendant-husband on its approach to the Charleston Municipal Airport. The flight originated in Florida, which is the domicile of the spouses. Under Florida law, one spouse is immune from suit by the other in such an action. The husband appeals from an order of the circuit court refusing to sustain a demurrer to the complaint based upon the husband's immunity under Florida law.

The rule of interspousal immunity from tort liability for personal injury has been abolished in this State. *Pardue v. Pardue,* 167 S. C. 129, 166 S. E. 101 (1932). The existence or nonexistence of such immunity relates to substantive law, rather than to procedure, and, under our law is to be determined by the *lex loci delicti. Oshiek v .Oshiek,* 244 S. C. 249, 136 S. E. (2d) 303 (1964).

In *Oshiek,* the litigating spouses were domiciled in South Carolina, and the personal injuries for which the wife sued were inflicted in Georgia, where the rule of immunity be-

tween spouses prevailed. We were urged to depart from the rule of *lex loci* on the issue of immunity, and to hold the law of the domicile of the litigants (South Carolina) to be controlling. While recognizing strong support in the authorities for this departure from the general rule, we declined to follow the trend. The consequence was that we denied the South Carolina plaintiff the right to sue her husband, although she could have done so if the tort had originated here.

We are now urged to overrule *Oshiek* and formulate a rule which will bar this plaintiff's right to sue, although her injuries occurred, and right of action arose, in this non-immunity jurisdiction. We are not persuaded that this result would be in furtherance of justice.

Affirmed.

Moss, C. J., and LEWIS, BUSSEY and LITTLEJOHN, JJ., concur.