23531

Janet Norman DAWKINS, as guardian ad litem for Eugene Scott Drew, a minor under the age of fourteen (14) years, Appellant v. STATE of South Carolina and the Department of Corrections, an agency or division thereof; and John Doe 1, John Doe 2, John Doe 3, John Doe 4, John Doe 5, Black & White Company, Respondents.

(412 S.E. (2d) 407)

Supreme Court

*Stanley G. Jackson*, Augusta, Ga., and *O. Lee Sturkey*, McCormick, *for appellant.*

*J.E. McDonald* and *William B. Watkins*, both of *Burns, McDonald, Bradford, Patrick & Dean*, Greenwood, *for respondents.*

Heard Nov. 1, 1991.

Decided Dec. 16, 1991.

Chandler, Justice:

Appellant Eugene Scott Drew (Drew), by his guardian, appeals an Order granting Respondents' motion for summary judgment on his cause of action for negligent infliction of emotional distress. We affirm.

## FACTS

Drew suffered psychological impairment after he witnessed the brutal murder of his stepfather and attack upon his sister at their home in Lincolnton, Georgia. Johnny Jones, who committed these crimes, had escaped from nearby McCormick Correctional Institute earlier in the day.

Drew brought suit in South Carolina, alleging that Respondents' negligent acts resulted in emotional trauma which was inflicted in Georgia. The trial judge granted summary judgment, holding that substantive law of Georgia controlled. All parties agree that Georgia recognizes the "impact rule" in emotional distress cases in which "there must have been actual bodily contact with plaintiff as a result of defendant's conduct. . . ."[1] The parties agree, further, that since Drew never came in direct contact with Johnny Jones, he cannot sustain this action under Georgia law.

## ISSUE

Does the substantive law of Georgia apply to this action?

## DISCUSSION

Drew argues that South Carolina law should apply, notwithstanding the general rule of *lex loci delicti*, contending that application of Georgia law would violate the public policy of our State. We disagree.

It is well established in South Carolina that in tort cases "the law of the place where the injury was occasioned or inflicted, governs in respect of the right of action, and the law of the forum in respect to matters pertaining to the remedy

---

[1] *OB-GYN Assoc. of Albany v. Littleton*, 259 Ga. 663, 386 S.E. (2d) 146, 148 (1989), *appeal after remand*, 194 Ga. App. 787, 391 S.E. (2d) 806 (Ga. Ct. App. 1990), *appeal after remand*, 199 Ga. App. 44, 403 S.E. (2d) 837 (Ga. Ct. App. 1991). *See also Harris v. Wall Tire Co.*, 197 Ga. App. 818, 399 S.E. (2d) 580, 581 (Ga. Ct. App. 1990).

only."[2] In *Rauton,* the Court noted that foreign law may not be given effect in this State if "it is against good morals or natural justice . . .," such as "often made in a certain class of cases, such, for example, as prohibited marriages, wagers, lotteries, racing, contracts for gaming or the sale of liquors, and others." *Rauton,* 183 S.C. at 508, 509, 191 S.E. at 422.

We decline to recognize an exception to the *lex loci delicti* rule in this case. The "good morals or natural justice" of our State are not violated when foreign law is applied to preclude a tort action for money damages, whether against an individual or the State, even if recovery may be had upon application of South Carolina law. "[T]he fact that the law of two states may differ does not necessarily imply that the law of one state violates the public policy of the other." *Rauton,* 183 S.C. at 508, 191 S.E. at 422.

Accordingly, the Order of the trial judge granting Respondents' motion for summary judgment is

Affirmed.

GREGORY, C.J., and HARWELL, FINNEY and TOAL, JJ., concur.

---

[2] *Rauton v. Pullman Co.,* 183 S.C. 495, 501, 191 S.E. 416, 419 (1937); *Oshiek v. Oshiek,* 244 S.C. 249, 136 S.E. (2d) 303 (1964).