2249

Blondell BANNISTER, Personal Representative of the Estate of Willie C. Bannister (deceased), Respondent v. The HERTZ CORPORATION, Appellant. Blondell BANNISTER, Guardian ad Litem for Lakeisha Bannister, a minor over the age of 14 years, Respondent v. The HERTZ CORPORATION, Appellant.

(450 S.E. (2d) 629)

Court of Appeals

---

*Robert H. Hood, John K. Blincow, Jr.,* and *Joseph C. Wilson, IV,* all of the *Hood Law Firm,* Charleston, for appellant.

*J. Graham Sturgis, Jr.* and *Jonathan S. Altman,* both of *Altman & Sturgis,* and *F. Renee Gaters,* Charleston, *for respondent.*

Heard Oct. 4, 1994.

Decided Oct. 31, 1994; Reh. Dec. Dec. 6, 1994.

GOOLSBY, Judge:

The Hertz Corporation appeals the trial court's grant of summary judgment on liability in favor of Blondell Bannister. We reverse.

Lucretia Meadows rented a van from Hertz in New York City to transport several people to South Carolina for a funeral. All passengers resided in New York. The van was involved in a one-car accident in North Carolina while Meadows was driving. Bannister and her daughter were injured, and Bannister's husband was killed.

Bannister brought actions in South Carolina against Hertz on behalf of herself, her husband, and her daughter. She later voluntarily dismissed her personal injury action. The complaints, which assert negligence causes of action, allege Meadows leased the van from Hertz and was driving it as a permissive bailee. South Carolina's contacts with the case are: (1) the trip destination and (2) Bannister's current residence in Clarendon County.

Bannister moved for summary judgment on the ground that New York law governed Hertz vicarious liability for the negligence of Meadows, Hertz's permissive bailee. Bannister relied on N.Y. Veh. & Traf. Law § 388 (McKinney 1986), a statute that imposes statutory vicarious liability on a vehicle owner for a permissive user's negligence.[1] Hertz agreed Meadows was negligent and careless, but asserted South Carolina, as the forum state, should apply North Carolina law because this is a tort action. Hertz contended it would not be vicariously liable for Meadows's negligence under North Carolina substantive law. The trial court, however, concluded the provisions of § 388 would apply and Hertz was liable for Meadows's negligence.

Under South Carolina conflict of law principles, the substantive law governing a tort action is determined by the state in which the injury occurred. *Dawkins v.*

---

[1] This code section provides, in part:

Every owner of a vehicle used or operated in this state shall be liable and responsible for death or injuries to person or property resulting from negligence in the use or operation of such vehicle, in the business of such owner or otherwise, by any person using or operating the same with the permission, express or implied, of such owner.

N.Y. Veh. & Traf. Law § 388 (McKinney 1986).

This statute imposes vicarious liability upon vehicle owners for the negligence of all permissive users. *Fried v. Seippel*, 80 N.Y. (2d) 32, 587 York court may apply the statute to an accident occurring in another state. *Id.*; *Farber v. Smolack*, 20 N.Y. (2d) 198, 282 N.Y.S. (2d) 248, 229 N.E. (2d) 36 (1976).

*State*, 306 S.C. 391, 412 S.E. (2d) 407 (1991); *Oshiek v. Oshiek*, 244 S.C. 249, 136 S.E. (2d) 303 (1964); *Myrtle Beach Pipeline Corp. v. Emerson Elec. Co.*, 843 F. Supp. 1027 (D.S.C. 1993). North Carolina substantive law therefore governs this case.

Under North Carolina law, the bailment of equipment, ▮▮ whether gratuitous or for hire, does not render the bailor responsible to third parties for the bailee's negligent use of the equipment where the bailor has relinquished all control of the equipment. *DeArmon v. B. Mears Corp.*, 312 N.C. 749, 325 S.E. (2d) 223 (1985); *See Brown v. Ward*, 221 N.C. 344, 20 S.E. (2d) 324, 326 (1942) ("It is accepted law that the relationship of lessor and lessee is not that of principal and agent.") Further, "the non-present owner of a vehicle incurs liability under only the family purpose doctrine, negligent entrustment or respondeat superior; . . . permissive [use] alone will not suffice." *Kline v. Wheels by Kinney, Inc.*, 464 F. (2d) 184, 185-86 (4th Cir. 1972); *see id.* (New York law was not applicable and New York automobile lessor was not liable for damages caused by lessee in a North Carolina collision, even though automobile was leased, licensed, and registered in New York).

We therefore conclude the trial court erred in applying New York law and reverse the decision of that court.[2]

Reversed.

CURETON and CONNOR, JJ., concur.

---

[2] The principles of *Unisun Ins. Co. v. Hertz Rental Corp.*, — S.C. —, 436 S.E. (2d) 182 (Ct. App. 1993), are not applicable here because that case involved a declaratory judgment action requiring construction of a car rental agreement to determine insurance coverage, not liability.