546 S.E.2d 191

**Juanita BOONE, Appellant,**

v.

**Freddie BOONE, Respondent.**

No. 25283.

Supreme Court of South Carolina.

Heard March 20, 2001.

Decided April 23, 2001.

Thomas M. White, of Steinberg Law Firm, of Goose Creek, for appellant.

Frank E. Grimball, Thomas B. Pritchard, and Phillip S. Ferderigos, of Barnwell, Whaley, Patterson & Helms, LLC, of Charleston, for respondent.

BURNETT, Justice:

The question presented by this appeal is whether interspousal immunity from personal injury actions violates the public policy of South Carolina. We conclude it does.

## FACTS

Appellant Juanita Boone (Wife) was injured in a car accident in Georgia. At the time of the accident, Wife was a passenger in a vehicle driven by her husband Respondent Freddie Boone (Husband). Wife and Husband reside in South Carolina.

Wife brought this tort action against Husband in South Carolina. Concluding Georgia law which provides interspousal immunity in personal injury actions was applicable, the trial judge granted Husband's motion to dismiss. Wife appeals. We reverse.

## ISSUE

Does Georgia law providing interspousal immunity in personal injury actions violate the public policy of South Carolina?

## DISCUSSION

### I. Interspousal Immunity

 Interspousal immunity is a common law doctrine based on the legal fiction that husband and wife share the same identity in law, namely that of the husband. 92 A.L.R.3d 901 (1979). Accordingly, at common law, it was "both morally and conceptually objectionable to permit a tort suit between two spouses." *Id.* at 906.

With the passage of Married Women's Property Acts in the mid-nineteenth century, married women were given a legal estate in their own property and the capacity to sue and be sued. Under this legislation, a married woman could maintain an action against her husband for any tort against her property interest such as trespass to land or conversion. Since the legislation destroyed the "unity of persons," a husband could also maintain an action against his wife for torts to his property. *See* 1 DAN B. DOBBS, THE LAW OF TORTS § 279 (2001); W. PAGE KEETON ET AL., PROSSER AND KEETON ON THE LAW OF TORTS § 122 (5 th ED. 1984); RESTATEMENT (SECOND) OF TORTS § 895F cmt. c (1979).

For a long time, however, the majority of courts held Married Women's Property Acts did not destroy interspousal immunity for personal torts. Courts adopted two inconsistent arguments in favor of continued immunity. First, they theorized suits between spouses would be fictitious and fraudulent, particularly against insurance companies. Second, they claimed interspousal suits would destroy domestic harmony. *Id.;* Dobbs, *supra,* Keeton, *supra.*

 In the twentieth century, most courts either abrogated or provided exceptions to interspousal immunity. *See John-son v. Johnson,* 201 Ala. 41, 77 So. 335 (1917); *Drickersen v. Drickersen,* 546 P.2d 162 (Alaska 1976); *Fernandez v. Romo,* 132 Ariz. 447, 646 P.2d 878 (1982); *Katzenberg v. Katzenberg,* 183 Ark. 626, 37 S.W.2d 696 (1931); *Klein v. Klein,* 58 Cal.2d

692, 26 Cal.Rptr. 102, 376 P.2d 70 (1962); *Rains v. Rains,* 97 Colo. 19, 46 P.2d 740 (1935); *Brown v. Brown,* 88 Conn. 42, 89 A. 889 (1914); *Beattie v. Beattie,* 630 A.2d 1096 (Del.1993); *Waite v. Waite,* 618 So.2d 1360 (Fla.1993); *Lorang v. Hays,* 69 Idaho 440, 209 P.2d 733 (1949); *Brooks v. Robinson,* 259 Ind. 16, 284 N.E.2d 794 (1972); *Shook v. Crabb,* 281 N.W.2d 616 (Iowa 1979); *Flagg v. Loy,* 241 Kan. 216, 734 P.2d 1183 (1987); *Brown v. Gosser,* 262 S.W.2d 480 (Ky.1953); *MacDonald v. MacDonald,* 412 A.2d 71 (Me.1980); *Boblitz v. Boblitz,* 296 Md. 242, 462 A.2d 506 (1983); *Lewis v. Lewis,* 370 Mass. 619, 351 N.E.2d 526 (1976); *Hosko v. Hosko,* 385 Mich. 39, 187 N.W.2d 236 (1971); *Beaudette v. Frana,* 285 Minn. 366, 173 N.W.2d 416 (1969); *Burns v. Burns,* 518 So.2d 1205 (Miss. 1988); *S.A.V. v. K.G.V.,* 708 S.W.2d 651 (Mo.1986); *Miller v. Fallon County,* 222 Mont. 214, 721 P.2d 342 (1986); *Imig v. March,* 203 Neb. 537, 279 N.W.2d 382 (1979); *Rupert v. Stienne,* 90 Nev. 397, 528 P.2d 1013 (1977); *Gilman v. Gilman,* 78 N.H. 4, 95 A. 657 (1915); *Merenoff v. Merenoff,* 76 N.J. 535, 388 A.2d 951 (1978); *Maestas v. Overton,* 87 N.M. 213, 531 P.2d 947 (1975); *State Farm Mut. Auto. Ins. Co. v. Westlake,* 35 N.Y.2d 587, 364 N.Y.S.2d 482, 324 N.E.2d 137 (1974); *Crowell v. Crowell,* 180 N.C. 516, 105 S.E. 206 (1920); *Fitzmaurice v. Fitzmaurice,* 62 N.D. 191, 242 N.W. 526 (1932); *Shearer v. Shearer,* 18 Ohio St.3d 94, 480 N.E.2d 388 (1985); *Fiedeer v. Fiedeer,* 42 Okla. 124, 140 P. 1022 (1914); *Heino v. Harper,* 306 Or. 347, 759 P.2d 253 (1988); *Hack v. Hack,* 495 Pa. 300, 433 A.2d 859 (1981); *Digby v. Digby,* 120 R.I. 299, 388 A.2d 1 (1978); *Scotvold v. Scotvold,* 68 S.D. 53, 298 N.W. 266 (1941); *Davis v. Davis,* 657 S.W.2d 753 (Tenn.1983); *Price v. Price,* 732 S.W.2d 316 (Tex.1987); *Stoker v. Stoker,* 616 P.2d 590 (Utah 1980); *Richard v. Richard,* 131 Vt. 98, 300 A.2d 637 (1973); *Surratt v. Thompson,* 212 Va. 191, 183 S.E.2d 200 (1971); *Coffindaffer v. Coffindaffer,* 161 W.Va. 557, 244 S.E.2d 338 (1978); *Wait v. Pierce,* 191 Wis. 202, 209 N.W. 475 (1926); *Tader v. Tader,* 737 P.2d 1065 (Wy.1987).[1] South Carolina has abolished the doctrine of interspousal immunity from tort liability for personal injury. *Pardue v. Pardue,* 167 S.C. 129, 166 S.E. 101 (1932); *see* S.C.Code Ann. § 15–5–170

---

**1.** The Restatement simply provides "[a] husband or wife is not immune from tort liability to the other solely by reason of that relationship." RESTATEMENT (SECOND) OF TORTS § 895F, *supra.*

(1976) ("[a] married woman may sue and be sued as if she were unmarried. When the action is between herself and her husband she may likewise sue or be sued alone.").

Very few jurisdictions now recognize interspousal tort immunity. *See Mountjoy v. Mountjoy*, 206 A.2d 733 (D.C.1965); *Bassett v. Harrington*, 247 Ga.App. 425, 543 S.E.2d 798 (2000); *Peters v. Peters*, 63 Haw. 653, 634 P.2d 586 (1981); *see also Williams v. Williams*, 108 Ill.App.3d 936, 64 Ill.Dec. 390, 439 N.E.2d 1055 (1982), *aff'd as modified*, 98 Ill.2d 128, 74 Ill.Dec. 495, 455 N.E.2d 1388 (1983) (although Rights of Married Women Act originally abrogated husband's common law immunity, legislature restored immunity through amendment to Act); *Cloud v. State Farm Mut. Auto. Ins. Co.*, 440 So.2d 961 (La.App.1983) (spouses have no right to sue one another on basis of negligent injury).

Georgia continues to recognize the common law doctrine of interspousal immunity. *See* Ga.Code Ann. § 19–3–8 (1999). Under Georgia law, interspousal tort immunity bars personal injury actions between spouses, except where the traditional policy reasons for applying the doctrine are absent, i.e., where there is no marital harmony to be preserved and where there exists no possibility of collusion between the spouses. *Shoemake v. Shoemake*, 200 Ga.App. 182, 407 S.E.2d 134 (1991).

## II. Choice of Law

Under traditional South Carolina choice of law principles, the substantive law governing a tort action is determined by the lex loci delicti, the law of the state in which the injury occurred. *Lister v. NationsBank of Delaware, N.A.*, 329 S.C. 133, 494 S.E.2d 449 (Ct.App.1997); *Bannister v. Hertz Corp.*, 316 S.C. 513, 450 S.E.2d 629 (Ct.App.1994). However,

> foreign law may not be given effect in this State if 'it is against good morals or natural justice ...' ... The 'good morals or natural justice' of our State are not violated when foreign law is applied to preclude a tort action for money damages, whether against an individual or the State, even if recovery may be had upon application of South Carolina law. '[T]he fact that the law of two states may differ does not necessarily imply that the law of one state violates the public policy of the other.'

*Dawkins v. State,* 306 S.C. 391, 393, 412 S.E.2d 407, 408 (1991) *citing Rauton v. Pullman Co.,* 183 S.C. 495, 508, 191 S.E. 416, 422 (1937) (court will refuse to follow law of lex loci when it is against good morals or natural justice, or "for some other such reason the enforcement of it would be prejudicial to the general interests of our own citizens."). Accordingly, under the "public policy exception," the Court will not apply foreign law if it violates the public policy of South Carolina.

Although South Carolina had abolished the doctrine of interspousal immunity from tort liability for personal injury thirty years before, this Court held it would apply the law of the foreign state even if it recognized interspousal immunity. *Oshiek v. Oshiek,* 244 S.C. 249, 136 S.E.2d 303 (1964). If a spouse had no right of action against her spouse where the tort occurred, the action would not be enforced in South Carolina. *Id.*

In *Algie v. Algie,* 261 S.C. 103, 198 S.E.2d 529 (1973), the Court expressly declined to overrule *Oshiek v. Oshiek, supra.* In *Algie,* the parties lived in Florida. The wife was injured in an airplane accident in South Carolina. Her husband had piloted the airplane. The husband urged the Court to apply Florida law which, at that time, recognized interspousal immunity. The Court declined, noting "[w]e are not persuaded that this result would be in furtherance of justice." *Id.,* 261 S.C. at 106, 198 S.E.2d at 530.

### III. Analysis

■■■ It is the public policy of our State to provide married persons with the same legal rights and remedies possessed by unmarried persons. *See Bryant v. Smith,* 187 S.C. 453, 198 S.E. 20 (1938) (recognizing purpose of predecessor to § 15–5–170 is to give married women all rights and remedies possessed by unmarried women); *see also* S.C.Code Ann. § 16–3–615 (Supp.2000) (amending law to provide spouse may be convicted of sexual battery against spouse). Had the parties to this action not been married to each other, Wife could have maintained a personal injury action against Husband. We find it contrary to "natural justice," *see Rauton v. Pullman Co., supra,* to hold that because of their marital status, Wife is precluded from maintaining this action against Husband. Ac-

cordingly, we conclude application of the doctrine of interspousal immunity violates the public policy of South Carolina.

Moreover, the reasons given in support of interspousal immunity are simply not justified in the twenty-first century. There is no reason to presume married couples are more likely than others to engage in a collusive action. Whether or not parties are married, if fraudulent conduct is suspected, insurers can examine and investigate the claim and, at trial, cross-examine the parties as to their financial stakes in the outcome of the suit. Fraudulent claims would be subject to the trial court's contempt powers and to criminal prosecution for perjury and other crimes. It is unjustified to prohibit all personal injury tort suits between spouses simply because some suits may be fraudulent.

Additionally, we do not agree that precluding spouses from maintaining a personal injury action against each other fosters domestic harmony. Instead, we find marital harmony is promoted by allowing the negligent spouse, who has most likely purchased liability insurance, to provide for his injured spouse. *See Elam v. Elam*, 275 S.C. 132, 268 S.E.2d 109 (1980) (Court considered existence of universal automobile liability insurance a relevant factor in abolishing common law doctrine of parental immunity).

Furthermore, in Georgia, spouses may maintain an action against each other for torts committed against their property. *See Robeson v. Int'l Indem. Co.*, 248 Ga. 306, 282 S.E.2d 896 (1981). If suits encompassing one type of tort are permitted between spouses, we fail to see how suits encompassing a different tort should be prohibited under the guise of protecting domestic tranquility. In our opinion, marital disharmony will not increase because married persons are permitted to maintain a personal injury action against each other.

Finally, we recognize the Court previously declined to overrule the lex loci delicti doctrine with regard to interspousal personal injury suits. *Algie v. Algie, supra.* However, in *Algie,* the lex loci delicti (South Carolina) permitted personal injury suits between spouses. Accordingly, South Carolina's public policy was not violated by continuation of the lex loci delicti doctrine in that case. Unlike *Algie,* declining to apply

interspousal immunity here "would be in the furtherance of justice." *Id.*, 261 S.C. at 106, 198 S.E.2d at 530.

Because interspousal immunity violates the public policy of South Carolina, we will no longer apply the lex loci delicti when the law of the foreign state recognizes the doctrine. *Oshiek v. Oshiek, supra,* is overruled.

**REVERSED.**

TOAL, C.J., MOORE, WALLER, PLEICONES, JJ., concur.