650 S.E.2d 81

**Mark NASH, Joel Kennedy, David Prosser, Denise Prosser and Jerry Stevens, Appellants,**

**v.**

**TINDALL CORPORATION, formerly Tindall Concrete Products, Inc., Defendants.**

**Joyce Million, Appellant,**

**v.**

**Tindall Corporation, formerly Tindall Concrete Products Inc., Respondent.**

**No. 4284.**

Court of Appeals of South Carolina.

Submitted June 1, 2007.

Decided Aug. 2, 2007.

Rehearing Denied Sept. 20, 2007.

John S. Nichols and Mark D. Chappell, both of Columbia, for Appellants.

Norman W. Lambert, of Greenville, for Respondent.

SHORT, J.:

Mark Nash, Joel Kennedy, David Prosser, Denise Prosser, Jerry Stevens, and Joyce Million (collectively Plaintiffs) appeal the trial court's grant of summary judgment to Tindall Corporation. Plaintiffs argue the trial court erred in applying North Carolina's statute of repose and holding as an alternative sustaining ground that Plaintiffs' claims for willful and wanton conduct and gross negligence were barred by the doctrines of res judicata and collateral estoppel. We affirm.[1]

## FACTS

Tindall designed prestressed concreted double tees, some of which were used to support the pedestrian footbridge at Lowe's Motor Speedway, formerly Charlotte Motor Speedway, in North Carolina. In September 1995, the double tees were erected at the Speedway.[2] On May 20, 2000, the pedestrian footbridge collapsed.

In North Carolina, the cases involving the walkway collapse were designated as exceptional civil cases and assigned to Judge Erwin Spainhour. The judge managed these cases and heard selected cases. In an order dated October 29, 2002, the judge adopted previous rulings "[i]n the interest of judicial economy and in anticipation of multiple duplicative motions being filed in various pending cases." The order adopted a summary judgment order and a partial summary judgment order involving some North Carolina plaintiffs, who are not involved in this action. As part of this order the judge granted summary judgment on plaintiffs' punitive damages claims against Tindall.

Million brought an action in North Carolina on or about May 14, 2003 and in South Carolina on or about May 20, 2003.

---

1. We decide this case without oral argument pursuant to Rule 215, SCACR.

2. Plaintiffs allege the double tees were manufactured in South Carolina.

The remaining Plaintiffs brought their actions in North Carolina on or about May 15, 2003 and in South Carolina on or about May 20, 2003. North Carolina dismissed Plaintiffs' claims with prejudice on September 19, 2003.

In an order dated March 7, 2005, the trial court in South Carolina granted summary judgment to Tindall after applying North Carolina's statute of repose and holding Plaintiffs' claims were time barred. As an additional sustaining ground, the trial court held Plaintiffs' claims for gross negligence and willful and wanton conduct were barred by res judicata and collateral estoppel. This appeal follows.

## STANDARD OF REVIEW

"Summary judgment is appropriate when it is clear that there is no genuine issue of material fact and that the moving party is entitled to a judgment as a matter of law." *Cafe Assocs., Ltd. v. Gerngross*, 305 S.C. 6, 9, 406 S.E.2d 162, 164 (S.C.,1991) (citing *Standard Fire Ins. Co. v. Marine Contracting & Towing Co.*, 301 S.C. 418, 392 S.E.2d 460 (1990)). "Summary judgment is not appropriate where further inquiry into the facts of the case is desirable to clarify the application of the law." *Middleborough Horizontal Prop. Regime Council of Co–Owners v. Montedison S.p.A.*, 320 S.C. 470, 479, 465 S.E.2d 765, 771 (Ct.App.1995) (citing *Baugus v. Wessinger*, 303 S.C. 412, 401 S.E.2d 169 (1991)).

## LAW/ANALYSIS

### I. Choice of Law

Plaintiffs argue that South Carolina law, not North Carolina law, should be applied in this case. We disagree.

"Under traditional South Carolina choice of law principles, the substantive law governing a tort action is determined by the lex loci delicti, the law of the state in which the injury occurred." *Boone v. Boone*, 345 S.C. 8, 13, 546 S.E.2d 191, 193 (2001). "Procedural matters are to be determined in accordance with the law of South Carolina, the lex fori." *McDaniel v. McDaniel*, 243 S.C. 286, 289, 133 S.E.2d 809, 811 (1963). Lex fori refers to the law of the forum. *Black's Law Dictionary* 921 (7th ed.1999). Therefore, whether a statute of repose

is a substantive or procedural matter is the deciding factor in what law applies.

Plaintiffs dispute the conclusion that South Carolina law requires the application of North Carolina law in this case by arguing this is a novel issue, alleging that prior mention of this issue in South Carolina case law is merely dicta, and directing the court to other jurisdictions for guidance. We disagree.

In *Langley v. Pierce*, 313 S.C. 401, 402, 438 S.E.2d 242, 242 (1993), the plaintiff sued his former doctor for misdiagnosing two removed lesions as benign between 1979 and 1980. This misdiagnosis was discovered in 1990, when a third lesion was removed and diagnosed as malignant. *Id.* Between 1984 and when the suit was brought, the plaintiff lived in Florida. *Id.* The question then became if the plaintiff's continued absence from South Carolina tolled the six year statute of repose on a medical malpractice case. *Id.*

In determining whether the statute of repose was tolled, the South Carolina Supreme Court explored whether the statute of repose is substantive or procedural and distinguished statute of repose and statutes of limitation. *Id.* at 403–04, 438 S.E.2d at 243. The court stated, "[a] statute of repose creates a *substantive right* in those protected to be free from liability after a legislatively-determined period of time." *Id.* at 404, 438 S.E.2d at 243 (emphasis added). The court in *Langley* additionally declared "[a] statute of repose constitutes a substantive definition of rights rather than a procedural limitation provided by a statute of limitation." *Id.; see also Florence County Sch. Dist. v. Interkal, Inc.*, 348 S.C. 446, 453, 559 S.E.2d 866, 869 (Ct.App.2002) (the court distinguished statute of repose from statutes of limitation, determining that a statute of repose involves a substantive right while citing *Langley* ).

Plaintiff argues the courts' treatment of statute of repose in *Langley* and *Interkal* was dicta, and therefore, this court should look to other jurisdictions for guidance. Judicial dicta is "not essential to the decision." *Black's Law Dictionary* 465 (7th ed.1999). Dicta or, as it is also known, dictum "is a statement on a matter not necessarily involved in the case, and is not binding as authority. Dictum is an opinion expressed by a court, but which, not being necessarily involved

in the case, is not the court's decision." 21 C.J.S. *Courts* § 227 (2006).

The Alabama and Connecticut case law advanced by Plaintiffs are interesting but do not constitute persuasive precedent for this court. In Connecticut, statute of repose is not per se substantive or procedural; instead, the court examines the nature of the underlying right. *Baxter v. Sturm, Ruger and Co., Inc.,* 230 Conn. 335, 644 A.2d 1297, 1302 (1994). In Alabama, the court examines the out of state statute to determine if it affects procedural or substantive rights. *Etheredge v. Genie Industries, Inc.,* 632 So.2d 1324, 1326 (Ala. 1994).

The courts' holdings in *Langley* and *Interkal* depended on determining the type of right created by statute of repose and distinguishing statute of repose from statutes of limitation. Therefore, the clear guidance provided by the South Carolina Supreme Court and this court was not dicta and negates any need to examine other jurisdictions' treatment of this issue. The precedent created in *Langley* and acknowledged in *Interkal* illustrates that whether statute of repose is a substantive right is not a novel question.

## II. Public Policy

■ Plaintiffs assert that the trial court erred in not applying the public policy exception to lex loci deliciti. We disagree.

■ "[U]nder the 'public policy exception,' the Court will not apply foreign law if it violates the public policy of South Carolina." *Boone v. Boone,* 345 S.C. 8, 14, 546 S.E.2d 191, 193 (2001). "[F]oreign law may not be given effect in this State if 'it is against good morals or natural justice.'" *Id.* at 13, 546 S.E.2d at 193. Examples of cases against good morals and natural justice are "prohibited marriages, wagers, lotteries, racing, contracts for gaming or the sale of liquors, and others." *Dawkins,* 306 S.C. at 393, 412 S.E.2d at 408. "[T]he fact that the law of two states may differ does not necessarily imply that the law of one state violates the public policy of the other." *Boone,* 345 S.C. at 13–14, 546 S.E.2d at 191.

In *Langley,* the court discussed the purpose of statute of repose. "Statutes of repose are based upon considerations of

the economic best interests of the public as a whole and are substantive grants of immunity based upon a legislative balance of the respective rights of potential plaintiffs and defendants struck by determining a time limit beyond which liability no longer exists." 313 S.C. at 404, 438 S.E.2d at 244. The court in *Langley* further explained:

> Society benefits when claims and causes are laid to rest after having been viable for [a] reasonable time. When causes of action are extinguished after such time, society generally may continue its business and personal relationships in peace, without worry that some cause of action may arise to haunt it because of some long-forgotten act or omission. This is not only for the convenience of society but also due to necessity. At that point, society is secure and stable.

*Id.*

South Carolina's statute of repose for actions alleging defective or unsafe conditions of an improvement to real property bars actions brought more than eight years after substantial completion of the improvement. S.C.Code Ann. § 15–3–640 (Supp.2006). Conversely, North Carolina's equivalent statute of repose bars claims brought more than six years after substantial completion of the improvement. N.C. Gen.Stat. § 1–50(a)(5) (Supp.2006).

Public policy is not violated by the two year difference in South Carolina and North Carolina's statutes of repose. Notably, Plaintiffs' attempt to bring this case in South Carolina constitutes forum shopping, an act which violates public policy.

Accordingly, the trial court properly applied North Carolina law and dismissed the case under summary judgment after finding the claims were time barred by the North Carolina statute of repose. Based on this conclusion, we need not address any remaining issues. *See* Rule 220(c), SCRCP; *Futch v. McAllister Towing of Georgetown, Inc.*, 335 S.C. 598, 613, 518 S.E.2d 591, 598 (1999) (stating that if an appellate court's ruling on a particular issue is dispositive of an appeal, rulings on remaining issues are unnecessary).

## CONCLUSION

The trial court did not err in applying North Carolina's statute of repose, and thereby, granting summary judgment to Tindall. Accordingly, the trial court's decision is

**AFFIRMED.**

STILWELL and WILLIAMS, JJ., concur.