# THE STATE OF SOUTH CAROLINA
## In The Court of Appeals

Glenn P. Howell, Appellant,

v.

Covalent Chemical, LLC, and Matthew W. Rowe, Respondents.

Appellate Case No. 2018-001885

Appeal From Greenville County
Letitia H. Verdin, Circuit Court Judge

Opinion No. 5869
Heard May 3, 2021 – Filed November 3, 2021

## REVERSED AND REMANDED

David Eliot Rothstein, of Rothstein Law Firm, PA, of Greenville, for Appellant.

Joseph Owen Smith, of Smith Hudson Law, LLC, of Greenville, for Respondents.

**GEATHERS, J.:** In this action under the South Carolina Payment of Wages Act,[1] Appellant Glenn P. Howell (Employee) seeks review of the circuit court's order dismissing the action for improper venue. Employee argues the circuit court erred by (1) misinterpreting the forum selection clause in the parties' employment agreement; (2) failing to apply section 15-7-120(A) of the South Carolina Code

---

[1] S.C. Code Ann. §§ 41-10-10 to -110 (2021).

(2005) to override the forum selection clause;[2] (3) applying the agreement's choice of law provision when it violated the policies expressed in section 15-7-120(A) and the Payment of Wages Act; and (4) failing to consider forum non conveniens. We reverse and remand.

## FACTS/PROCEDURAL HISTORY

On June 4, 2015, Respondent Matthew W. Rowe formed Respondent Covalent Chemical, LLC (Employer), a chemical distribution company, in North Carolina, and he established the company's headquarters in Raleigh, North Carolina. The company was originally incorporated in Texas. In the summer of 2015, Rowe, who had previously worked with Employee at another chemical distribution company, began recruiting Employee to work for Employer as a sales representative. Rowe met with Employee on two separate occasions in Greenville, South Carolina, where Employee lived.

On or about September 24, 2015, Rowe sent a proposed employment agreement to Employee's personal email account. Employee responded with proposed changes and "questions or comments typed in red." In response to some of Employee's comments and questions, Rowe revised the contract and sent the revised version to Employee on September 30, 2015. Later that same day, Employee signed the contract in Greenville, scanned it, and emailed it to Rowe, who then signed the contract and emailed it back to Employee.

Notably, the contract stated that it was "made . . . at Houston, Texas" and identified Employer as a Texas limited liability company. The contract provided Employee would receive a base salary of $61,000 per year and thirty percent commissions from each sale. The section titled, "Governing Law," set forth the following language:

---

[2] Section 15-7-120(A) states,

> Notwithstanding a provision in a contract requiring a cause of action arising under it to be brought in a location other than as provided in this title and the South Carolina Rules of Civil Procedure for a similar cause of action, the cause of action alternatively may be brought in the manner provided in this title and the South Carolina Rules of Civil Procedure for such causes of action.

THE INTERPRETATION OF THIS AGREEMENT SHALL BE GOVERNED BY AND CONSTRUED IN ACCORDANCE WITH THE LOCAL, INTERNAL LAWS OF THE STATE OF TEXAS, UNITED STATES OF AMERICA. THE PARTIES AGREE TO THE JURISDICTION OF THE STATE AND FEDERAL COURTS LOCATED IN HARRIS COUNTY, TEXAS, AND WAIVE ANY RIGHT AVAILABLE TO A TRIAL BY JURY.

Employee began working for Employer on or about October 15, 2015. Employee's compensation changed "shortly after [he] began his employment with" Employer. The new salary was $64,000, and the new commission percentage was twenty percent. During his first year of employment with the company, Employee's sales territory covered Georgia. Subsequently, South Carolina was his primary sales territory. His sales territory never included Texas, and other than attendance at a trade show in Dallas, which was required as part of his training, Employee never traveled to Texas during his employment with the company.

On May 9, 2018, Employee filed this action seeking relief under the Payment of Wages Act and asserting additional causes of action for breach of contract and an equitable accounting. Employee alleged, inter alia, that Employer failed to pay (1) approximately $57,180 owed to Employee for earned commissions; (2) certain expenses, including a $500 per month vehicle allowance; and (3) certain promised benefits. One month later, Employee filed an amended complaint to correct a scrivener's error. Employer subsequently filed a motion to dismiss this action pursuant to Rule 12(b)(3), SCRCP, which allows the defense of improper venue to be made by motion.[3]

The circuit court granted the motion to dismiss in a Form 4 Order filed on October 16, 2018. The order stated, "The Motion to Dismiss filed by Defendants Covalent Chemical LLC and Matthew W. Rowe is hereby granted[,] and the action is dismissed due to South Carolina being the improper venue." The circuit court later denied Employee's Rule 59(e), SCRCP, motion. This appeal followed.

---

[3] Employer later filed an amended motion to dismiss to add an alternative request to compel arbitration, which the circuit court did not address. The arbitration provision in the parties' contract states that disputes "can" be submitted to alternative dispute resolution.

**LAW/ANALYSIS**

## I.     Choice of Law Provision

Employee argues the employment agreement's choice of law provision violates the South Carolina policies expressed in section 15-7-120(A) and the Payment of Wages Act, specifically, section 41-10-100.[4]   On the other hand, Employer asserts the circuit court's order did not rely on the choice of law provision and, therefore, Employee's challenge of that provision is moot.  However, Employee points to the circuit court's language in two previous orders that were later rescinded and asserts the circuit court's act of rescinding the previous orders was merely housekeeping that "did not negate the court's express, underlying rationale that the employment agreement in question 'should be governed by the law of Texas.'"[5]

Unlike the rescinded orders, the circuit court's October 16, 2018 order dismissing this action does not indicate whether the circuit court relied on the choice of law provision.  Because we do not know whether the circuit court considered the choice of law provision, we decline to hold that Employee's choice of law argument is moot.  *See Sloan v. Friends of Hunley, Inc.*, 369 S.C. 20, 26, 630 S.E.2d 474, 477 (2006) ("A moot case exists where a judgment rendered by the court will have no practical legal effect upon an existing controversy because an intervening event renders any grant of effectual relief impossible for the reviewing court."); *id.* ("If there is no actual controversy, this [c]ourt will not decide moot or academic questions.").  Therefore, we address its merits.

"Generally, under South Carolina choice of law principles, if the parties to a contract specify the law under which the contract shall be governed, the court will honor this choice of law." *Skywaves I Corp. v. Branch Banking & Tr. Co.*, 423 S.C. 432, 448–49, 814 S.E.2d 643, 652 (Ct. App. 2018) (quoting *Nucor Corp. v. Bell*, 482

---

[4] Section 41-10-100 prohibits private contracts from attempting to set aside the provisions of the Payment of Wages Act.

[5] After the circuit court issued the order on appeal, it rescinded two previously issued orders dismissing this action because they contained scrivener's errors.  The first rescinded order stated, "[Employer's] Motion to dismiss is hereby *denied* based upon a finding that the proper forum for the action is Texas and interpretation of the terms and provisions of the contract should be governed by the laws of Texas." (emphasis added).  The second rescinded order was identical to the first, with the exceptions that "denied" was changed to "granted" and the order mistakenly indicated that it did "not end the case."

F. Supp. 2d 714, 728 (D.S.C. 2007)). "However, a choice-of-law clause in a contract will not be enforced if application of foreign law results in a violation of South Carolina public policy." *Id.* at 449, 814 S.E.2d at 652 (quoting *Nucor*, 482 F. Supp. 2d at 728); *see also Simpson v. MSA of Myrtle Beach, Inc.*, 373 S.C. 14, 33, 644 S.E.2d 663, 673 (2007) ("This [c]ourt will not enforce a contract which is violative of public policy, statutory law, or provisions of the Constitution."); *Boone v. Boone*, 345 S.C. 8, 14, 546 S.E.2d 191, 193 (2001) ("[U]nder the 'public policy exception,' the [c]ourt will not apply foreign law if it violates the public policy of South Carolina."). Nonetheless, differences between two states' laws "does not necessarily imply that the law of one state violates the public policy of the other." *Id.* (quoting *Nash v. Tindall Corp.*, 375 S.C. 36, 41, 650 S.E.2d 81, 84 (Ct. App. 2007)).

Here, the parties' choice of Texas law is limited to contract interpretation: "*INTERPRETATION OF* THIS AGREEMENT SHALL BE GOVERNED BY AND CONSTRUED IN ACCORDANCE WITH THE LOCAL, INTERNAL LAWS OF THE STATE OF TEXAS, UNITED STATES OF AMERICA." (emphasis added). The concerns Employee expresses in his brief are based on the assumption that the choice of law provision allows Texas law to subsume the whole employment relationship (so as to preempt the South Carolina Payment of Wages Act) or the entirety of this action (so as to preempt section 15-7-120). We disagree with this assumption because the plain language of the choice of law provision requires the application of Texas law to contract interpretation only. Further, as we explain below, the application of Texas law to the interpretation of the forum selection clause in the instant matter does not vest Texas with exclusive jurisdiction.

## II.    Forum Selection

Employee also argues the plain language of the forum selection provision does not require the parties to litigate their contractual disputes exclusively in Texas because the provision has no mandatory language. We agree.

Under Texas law, "[t]he primary goal in construing the meaning of a contract is to ascertain and give effect to the parties' intent as expressed in the contract." *Ramsay v. Tex. Trading Co.*, 254 S.W.3d 620, 630 (Tex. App. 2008). The court construes the contract "according to its plain language." *Id.* at 626. "If the written instrument is so worded that it can be given a certain or definite legal meaning or interpretation, then it is not ambiguous and the court will construe the contract as a matter of law." *Id.* at 630 (quoting *Coker v. Coker*, 650 S.W.2d 391, 393 (Tex. 1983))).

Further, unless a forum selection clause expressly provides for a forum's exclusive jurisdiction, the parties did not intend to submit to exclusive jurisdiction in that forum. *See Ramsay*, 254 S.W.3d at 629–30; *Mabon Ltd. v. Afri-Carib Enters., Inc.*, 29 S.W.3d 291 (Tex. App. 2000), *abrogated on other grounds by In re AIU Ins. Co.*, 148 S.W.3d 109, 111–14 (Tex. 2004); *Sw. Intelecom, Inc. v. Hotel Networks Corp.*, 997 S.W.2d 322 (Tex. App. 1999), *abrogated on other grounds by In re AIU Ins. Co.*, 148 S.W.3d at 111–14. In *Mabon*, the meaning of the following clause was disputed: "It is also agreed between the parties [that] because of the multi-state and multi-country jurisdiction involved due to the locations of the principals, banks and depositories, etc., the laws of . . . Nigeria will apply and the Federal District of Nigeria shall have venue." 29 S.W.3d at 297. Comparing this clause to forum selection clauses in federal cases, the Texas Court of Appeals concluded that its language did not exclude other forums and that in the absence of explicit language providing for exclusive jurisdiction in Nigeria, the parties did not intend to submit to exclusive jurisdiction in Nigeria. 29 S.W.3d at 297–98.

In *Southwest Intelecom*, the Texas Court of Appeals reviewed the following clause: "This Agreement shall be governed by the laws of the State of Minnesota. The Parties stipulate to jurisdiction and venue in Ramsey County, Minnesota, as if this Agreement were executed in Minnesota." 997 S.W.2d at 323. The court concluded that this language "merely settles any question of whether the courts of that state have jurisdiction" and did not "provide Minnesota courts with exclusive jurisdiction to hear all disputes arising from the agreements." *Id.* at 326.[6]

---

[6] In response to the trial court's statement that the provision "would be meaningless if it were construed to mean that either party could elect to assert jurisdiction in any other state," the court noted:

> Interpreting the provision to mean that both parties agree to jurisdiction and venue in Minnesota (but not exclusively) enables [the defendant] to sue [the plaintiff] in [the defendant's] headquarters state without worrying about jurisdictional issues. Without the jurisdiction clause, it is at least arguable that a Minnesota court would have been unable to exercise jurisdiction over [the plaintiff], since [the plaintiff] has apparently had little, if any, contact with that state.

*Southwest Intelecom*, 997 S.W.2d at 326.

As in *Southwest Intelecom* and *Mabon*, the plain language in the parties' forum selection clause in the instant matter shows they intended for the clause to be permissive rather than mandatory because the language does not expressly provide for Texas to have exclusive jurisdiction: "THE PARTIES AGREE TO THE JURISDICTION OF THE STATE AND FEDERAL COURTS LOCATED IN HARRIS COUNTY, TEXAS, AND WAIVE ANY RIGHT AVAILABLE TO A TRIAL BY JURY." Moreover, "[a] permissive forum selection clause does not justify dismissal on the grounds that the plaintiff filed suit in a forum other than the one specified in the clause." *BAE Sys. Tech. Sol. & Servs., Inc. v. Republic of Korea's Def. Acquisition Program Admin.*, 884 F.3d 463, 470 (4th Cir. 2018), as amended (Mar. 27, 2018); *cf. Southwest Intelecom*, 997 S.W.2d at 326 ("[T]he trial court erred in dismissing [the plaintiff's] claims for lack of jurisdiction because the parties had not consented to exclusive jurisdiction in another state.").

Because the plain language of the parties' forum selection clause in the instant matter is permissive rather than mandatory under Texas law, the circuit court erred in dismissing this action on the ground that venue is improper. Because our resolution of this issue is dispositive, we need not address Employee's remaining arguments. *See Futch v. McAllister Towing of Georgetown, Inc.*, 335 S.C. 598, 613, 518 S.E.2d 591, 598 (1999) (providing that an appellate court need not address remaining issues when resolution of a prior issue is dispositive).

## CONCLUSION

Accordingly, the circuit court's order is

**REVERSED AND REMANDED.**

**KONDUROS and MCDONALD, JJ., concur.**