**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Daisy Frederick, Respondent,

v.

Daniel Lee McDowell, Appellant.

Appellate Case No. 2020-000989

———————

Appeal From Marlboro County
Paul M. Burch, Circuit Court Judge

———————

Unpublished Opinion No. 2022-UP-303
Submitted June 1, 2022 – Filed July 20, 2022

———————

**AFFIRMED**

———————

R. Hawthorne Barrett, of Turner Padget Graham & Laney, PA, of Columbia, and David Richard Sligh, of Sligh Law Firm, P.A., of Conway, both for Appellant.

Eric Marc Poulin and Roy T. Willey, IV, both of Anastopoulo Law Firm, LLC, of Charleston; James Camden Hodge, of Anastopoulo Law Firm, LLC, of Greenville; and Alexis Wimberly McCumber, of Athens, Georgia, all for Respondent.

———————

**PER CURIAM:**  Daniel McDowell appeals the jury's verdict awarding Daisy Frederick $5,000,000 and the trial court's denial of his post-trial motions.  On appeal, he argues the trial court erred (1) in failing to grant a new trial absolute or new trial nisi remittitur due to the excessiveness of the verdict, (2) in denying his motions for a directed verdict and judgment notwithstanding the verdict (JNOV) because Frederick was contributorily negligent, (3) in admitting evidence of the full amount of the medical bills in violation of North Carolina law,[1] and (4) in allowing Frederick's expert to rely on the accident report prepared by the investigating law enforcement officer.  We affirm.

1.  We hold the trial court did not abuse its discretion in denying McDowell's motions for a new trial and new trial nisi remittitur.  Frederick had a broken left femur, crushed lower tibia and fibula in her right leg, lacerations and wounds on her arm, and significant blood loss.  Frederick's doctor stated her recovery was long and that she likely still had some difficulties.  She had three separate surgeries to repair her broken legs, was bedbound for nine months, spent the next year and a half relearning how to walk, and needed assistance for bathing and toileting. Frederick testified about the tremendous pain she experienced from the accident, which continued through the date of the trial, her worry for her children immediately after the accident and not being able to see them while she was in the hospital, her fear of dying or becoming addicted to pain killers, and the uncomfortableness of being dependent on her family for assistance.  We hold the jury's verdict was not shockingly disproportionate to the severe injuries Frederick suffered or excessive when considering the evidence presented of Frederick's medical expenses, pain and suffering, mental anguish, and loss of enjoyment of life.  *See Burke v. AnMed Health*, 393 S.C. 48, 56, 710 S.E.2d 84, 88 (Ct. App. 2011) ("A trial judge . . . has the power to grant a new trial absolute . . . when the verdict 'is shockingly disproportionate to the injuries suffered and thus indicates that passion, caprice, prejudice, or other considerations not reflected by the evidence affected the amount awarded.'" (quoting *Becker v. Wal-Mart Stores, Inc.*, 339 S.C. 629, 635, 529 S.E.2d 758, 761 (Ct. App. 2000))); *id.* (stating the granting or denial of a new trial motion "rests within the discretion of the circuit court, and its decision will not be disturbed on appeal unless its findings are wholly

---

[1] Although the accident occurred in North Carolina, this case was tried in Marlboro County because both parties were South Carolina residents.  *See Nash v. Tindall Corp.*, 375 S.C. 36, 39, 650 S.E.2d 81, 83 (Ct. App. 2007) (explaining "the substantive law governing a tort action is determined by . . . the law of the state in which the injury occurred" and procedural matters are decided by the law of the forum (quoting *Boone v. Boone*, 345 S.C. 8, 13, 546 S.E.2d 191, 193 (2001))).

unsupported by the evidence or the conclusions reached are controlled by error of law." (quoting *Brinkley v. S.C. Dep't of Corrs.*, 386 S.C. 182, 185, 687 S.E.2d 54, 56 (Ct. App. 2009)); *id.* at 57, 710 S.E.2d at 89 ("The denial of a motion for a new trial nisi is within the trial court's discretion and will not be reversed on appeal absent an abuse of discretion." (quoting *James v. Horace Mann Ins. Co.*, 371 S.C. 187, 193, 638 S.E.2d 667, 670 (2006))); *Proctor v. Dep't of Health & Envtl. Control*, 368 S.C. 279, 320, 628 S.E.2d 496, 518 (Ct. App. 2006) ("The trial court alone has the power to grant a new trial nisi when [it] finds the amount of the verdict to be merely inadequate or excessive."); *Mims v. Florence Cnty. Ambulance Serv. Comm'n*, 296 S.C. 4, 7, 370 S.E.2d 96, 99 (Ct. App. 1988) ("The amount of damages a jury may award for physical pain and suffering and for mental pain and suffering is incapable of exact measurement and is therefore left for determination by the jury."); *Harper v. Bolton*, 239 S.C. 541, 548, 124 S.E.2d 54, 57 (1962) ("Pain and suffering have no market price. They are not capable of being exactly and accurately determined, and there is no fixed rule or standard whereby damages for them can be measured."); *Hawkins v. Pathology Assocs. of Greenville, P.A.*, 330 S.C. 92, 98, 112, 498 S.E.2d 395, 399, 406 (Ct. App. 1998) (holding jury's verdict of $3,500,000 in a survival action to be reasonably reflective of the pain, physical and mental suffering, and lack of quality of life a patient endured during her seven-month fight with cancer following a misdiagnosed Pap smear).

Because the jury returned a general verdict, it is impossible for this court to determine if the award included future damages and therefore whether McDowell was prejudiced by the trial court's allegedly erroneous charge of the mortality tables. *See Pearson v. Bridges*, 344 S.C. 366, 372 n.5, 544 S.E.2d 617, 619 n.5 (2001) (noting that because the jury returned a general verdict, "[t]here is simply no way to determine if the jury allocated any money for future medical expenses"); *Stokes v. Spartanburg Reg'l Med. Ctr.*, 368 S.C. 515, 520, 629 S.E.2d 675, 678 (Ct. App. 2006) ("An erroneous jury charge will not result in a verdict being reversed unless the charge prejudiced the appellant's case.").

2. We hold the trial court did not err in denying McDowell's motions for a directed verdict and JNOV because the record contains evidence that the accident was not proximately caused by a lack of due care by Frederick, leaving the issue for the jury to decide. Testimony from Frederick, McDowell, and their respective experts established to the jury two possible circumstances for the accident. McDowell's expert acknowledged that the accident was not avoidable if Frederick's account was true. *See RFT Mgmt. Co. v. Tinsley & Adams L.L.P.*, 399 S.C. 322, 331-32, 732 S.E.2d 166, 171 (2012) ("When reviewing the trial court's ruling on a motion

for a directed verdict or a JNOV, [the appellate c]ourt must apply the same standard as the trial court by viewing the evidence and all reasonable inferences in the light most favorable to the nonmoving party."); *id.* at 332, 732 S.E.2d at 171 ("The trial court must deny a motion for a directed verdict or JNOV if the evidence yields more than one reasonable inference or its inference is in doubt."); *id.* ("In deciding such motions, neither the trial court nor the appellate court has the authority to decide credibility issues or to resolve conflicts in the testimony or the evidence."); *Daisy v. Yost*, 794 S.E.2d 364, 366 (N.C. Ct. App. 2016) ("In order to prove contributory negligence on the part of a plaintiff, the defendant must demonstrate: '(1) [a] want of due care on the part of the plaintiff; and (2) a proximate connection between the plaintiff's negligence and the injury.'" (quoting *West Constr. Co. v. Atlantic Coast Line R.R. Co.*, 113 S.E. 672, 673 (N.C. 1922))).

3.  This court cannot review McDowell's argument that the trial court erred in admitting into evidence an exhibit that showed the entire amount of Frederick's medical bills in violation of Rule 414 of the North Carolina Rules of Evidence because McDowell failed to include the contested exhibit in the record on appeal and the court cannot tell if its admission prejudiced the jury's verdict. *See* Rule 210(h), SCACR ("[T]he appellate court will not consider any fact that does not appear in the Record on Appeal."); *Helms Realty, Inc. v. Gibson-Wall Co.*, 363 S.C. 334, 339, 611 S.E.2d 485, 487-88 (2005) (explaining the appellant has the burden of providing a sufficient record); *Vaught v. A.O. Hardee & Sons, Inc.*, 366 S.C. 475, 480, 623 S.E.2d 373, 375 (2005) ("To warrant reversal based on the admission or exclusion of evidence, the appellant must prove both the error of the ruling and the resulting prejudice, i.e., there is a reasonable probability the jury's verdict was influenced by the wrongly admitted or excluded evidence.").

4.  We hold the trial court did not abuse its discretion in admitting Frederick's expert's testimony because the expert relied on objective, factual information in the law enforcement accident investigation report, which Rule 703, SCRE allows. *See State v. Jones*, 423 S.C. 631, 636, 817 S.E.2d 268, 270 (2018) ("The admissibility of an expert's testimony is a matter within the trial court's sound discretion and the determination will not be reversed on appeal absent an abuse of discretion."); *Watson v. Ford Motor Co.*, 389 S.C. 434, 446, 699 S.E.2d 169, 175 (2010) (explaining that under Rule 703 "an expert witness is permitted to state an opinion based on facts not within his firsthand knowledge or may base his opinion on information made available before the hearing so long as it is the type of information that is reasonably relied upon in the field to make opinions").

**AFFIRMED.**[2]

**WILLIAMS, C.J., and KONDUROS and VINSON, JJ., concur.**

---

[2] We decide this case without oral argument pursuant to Rule 215, SCACR.